[No. 1260. Decided August 4, 1894.]

CHRISTIAN THYGESEN *et ux.*, *Respondents*, v. E. C. NEU-
FELDER, *Appellant.*

ASSIGNMENT FOR BENEFIT OF CREDITORS — COMMUNITY REALTY —
ASSIGNMENT BY HUSBAND ALONE.

An assignment by a husband of all his property for the benefit of
creditors, under Laws 1889–90, p. 83, operates as a transfer of
community property, real and personal, to the assignee in trust
for the payment of the community debts. (SCOTT, J., dissents.)

An assignment of community real estate for the benefit of cred-
itors by a husband alone is not such a conveyance or incumbrance
of the property as will violate the statute (Gen. Stat., § 1400), inval-
idating the conveyance or incumbrance of community real estate
unless husband and wife join in the making thereof. (SCOTT, J.,
dissents.)

*Appeal from Superior Court, Whatcom County.*

*Strudwick & Peters,* and *Dorr, Hadley & Hadley,* for
appellant.

*Bruce, Brown & Cleveland,* for respondents.

The opinion of the court was delivered by

HOYT, J.— Christian Thygesen made a deed of assign-
ment under the provisions of the insolvency act of March
6, 1890 (Laws, p. 83). The assignee named therein hav-
ing failed to qualify, the appellant was, in pursuance of
the provisions of the statute, appointed assignee and qual-
ified and entered upon the discharge of his duties as such.
As a part of the assets of the estate he collected certain
moneys due upon a lease, which before the execution of
the deed of assignment had been made by said Christian
Thygesen to one Brown and one Carter. Thereafter said
Christian Thygesen and Karen M. Thygesen, his wife,
filed their petition in the superior court in the assignment
proceeding, and prayed that the assignee should be re-

quired to account for and pay over to them the money so collected. The superior court made an order granting the prayer of the petition, from which this appeal has been prosecuted.

Appellant relies upon several propositions as furnishing reasons for the reversal of the order, the first and most important one being that the deed of the insolvent debtor, although his wife did not join in the execution thereof, was effectual to convey to his assignee in trust, pursuant to the act above cited, the community real estate for the payment of the community debts. If this contention of the appellant is sustained the result will be a reversal of the order; for it is conceded that the real estate, for the use of which the rent was paid, was community property; and it is also conceded that the debts which have been proved in the insolvency proceeding were those of the community. If the deed of assignment executed by the husband alone is to be construed as a conveyance of the property therein described to the assignee named therein, for the purpose of having it applied to the payment of his debts, it is clear that it cannot have force so far as the community property is concerned. In other words, if the assignment therein made is to be treated simply as a conveyance at common law, and the provisions of our statute applied thereto in aid of the common law assignment thereby created, the property of the community could not be conveyed thereby. The effect of deeds of assignment under this statute has been already determined by this court.

In *Traders Bank v. Van Wagenen*, 2 Wash. 172 (26 Pac. 253), we held that the former law upon the subject was one providing for the application of all the insolvent's estate to the payment of his debts, and that when once set in motion by the action of the debtor, it passed to the assignee all of his property, whether set out in the schedules or not. And

in *Mansfield v. First National Bank*, 5 Wash. 665 (32 Pac. 789), we held that the law under consideration had taken the place of the former one, and that proceedings thereunder were for a like purpose, and that the right to all of the property of the debtor passed to the assignee or to the court in which the proceedings were instituted, for the benefit of the creditors, regardless of the question as to whether or not all of such property was set out in the deed.

It is, therefore, unnecessary for us to further consider the question as to the nature of the proceeding under the insolvency act in question. It is now the settled law of the state that it is but one of the means by which an insolvent debtor may surrender to the court all of his property for the purpose of having it applied to the payment of his debts. This being so, the important question is presented for our decision as to whether or not the husband can alone put in motion the machinery of the act for the benefit of the community, and for the purpose of paying its debts.

In the case of the *Oregon Improvement Company v. Sagmeister*, 4 Wash. 710 (30 Pac. 1058), we held that a judgment against the husband for a liability incurred in the prosecution of his ordinary business was *prima facie* one which would bind the community, and that community property might be sold in satisfaction thereof. See, also, *Calhoun v. Leary*, 6 Wash. 17 (32 Pac. 1070); *Abbott v. Wetherby*, 6 Wash. 507 (33 Pac. 1070).

From what was said in these cases it appears that the only question which was open for investigation by the wife was as to the character of the indebtedness. Though it was *prima facie* that of the community, she could, before or after judgment, overcome the presumption by showing affirmatively that it was not the debt of the community; and this was all she could do to protect the community property. If she could not show that the debt was not a

community one, she could in no manner resist the enforcement of the process of the court against the community property in satisfaction of the judgment rendered thereon.

From which it will follow that in a case like the one at bar each of the several creditors could have prosecuted his claim to judgment against the husband alone, and had satisfaction thereof by levy and sale of the community property. Not only would the creditors have had this right, but the husband, for the purpose of saving expense, could have gone into court and confessed judgment upon each of the claims, with the same effect. The only difference between a judgment by confession and one in a regularly prosecuted action would have been as to the question of good faith on the part of the husband and the creditor; and, it having been established, such judgment could be enforced against the community property the same as any other.

It follows that the interest of the wife in the community property is contingent upon the state of the affairs of the community as conducted by the husband. This being so, and it being within the power of the creditors, without any act on the part of the wife either negative or affirmative, to subject the property of the community to the debts incurred by the husband in the prosecution of its business, we see no reason why he should not be allowed to save the expense incident to the prosecution of the several claims of the creditors, and at the same time do justice between them, by voluntarily placing all the property of the community in the custody of the court for the benefit of such creditors. Of course his action in this behalf would be open to attack by the wife, if not in good faith, and it would also always be open to her to see that the community property was not applied to the payment of other than community debts. And with these rights reserved to her, it would seem that her interests and those of the commu-

nity and of the public would be best subserved by the right to thus apply the community property to the payment of these debts being recognized in the husband.

But it is contended on the part of the respondent, that to give to the deed of the husband alone any force whatever, is in violation of our statute (Gen. Stat., § 1400), which provides that no conveyance or incumbrance of the community real estate shall be valid unless the husband and wife join in the making thereof. If this deed comes within the inhibitions of this statute, it is undoubtedly void. But in our opinion it does not. As above suggested, we think that it is not a deed or an incumbrance of the property in the ordinary sense. On the contrary, it is but a surrender of the same into the custody of the court for the purpose of having it applied as the law requires it to be; and if there is any surplus remaining, it would be returned to the community. The paper executed by the husband should therefore be considered not as a conveyance but as one of the methods by which the property may be subjected to the community debts, and that it being in the power of the husband to contract such debts in the prosecution of the business of the community, it is within his power to set on foot the machinery of the law by which its property may be applied to their payment.

The title to the community real estate passed to the appellant as assignee in the insolvency proceeding, and he rightfully collected the rent as a part of the assets of the estate.

The order will be reversed, and the cause remanded with instructions to dismiss the petition of the respondents.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

SCOTT, J., dissents.