GIBBONS v. DEXTER HORTON TRUST & SAVINGS BANK et al.

(District Court, W. D. Washington, N. D.   August 11, 1915.)

No. 69.

1. COURTS ⚙︎322—UNITED STATES COURTS—JURISDICTION DEPENDENT ON CITIZENSHIP.

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. 1913, § 991]) § 24, providing that federal District Courts shall have original jurisdiction of civil suits at common law or in equity between citizens of different states or between citizens of a state and foreign states, citizens, or subjects, where absence of diversity of citizenship affirmatively appears on the face of a bill to set aside an adjudication in bankruptcy, for a resale of the bankrupt's property, a determination whether the debts were community debts, and to stay the bankruptcy proceedings, the bill must be dismissed for want of jurisdiction; diversity of citizenship being the only status that will give the court jurisdiction of the issues tendered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. ⚙︎322.]

2. BANKRUPTCY ⚙︎439—CONFLICTING JURISDICTION — REVIEW OF PROCEEDINGS.

A federal District Court will not entertain a bill in equity for the purpose of adjudicating any matter or reviewing any proceeding in the course of administration in the bankruptcy court, including all matters of administration and determination of rights between contending parties with relation to the estate upon a fund in the custody of the court, since the jurisdiction of the bankruptcy court is exclusive.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ⚙︎439.]

3. BANKRUPTCY ⚙︎428—ADJUDICATION—COMMUNITY PROPERTY.

Rem. & Bal. Code Wash. § 5918, gives the husband the management and control of the community real estate, and provides that all such community real estate shall be subject to liens or judgments recovered for community debts and to sale on execution issued thereon. Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (Comp. St. 1913, § 9631), vests the trustee with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon and the power of a judgment creditor holding an execution duly returned unsatisfied. Under the law of Washington, all property acquired by the husband after marriage is prima facie community property, and the debts incurred by him while married are prima facie community debts. Held, that an adjudication of bankruptcy against a married man in such state constitutes also an adjudication against the community, and his discharge discharges the community.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 782–786; Dec. Dig. ⚙︎428.]

In Equity.   Bill by Mary L. Gibbons against the Dexter Horton Trust & Savings Bank and others to set aside an adjudication in bankruptcy and for a resale of the bankrupt's property.   On motion to dismiss bill.   Motion granted.

Israel & Kohlhase and McCafferty & Robinson, all of Seattle, Wash., for plaintiff.

Clise & Poe, of Seattle, Wash., for Dexter Horton Bank.

McClure & McClure, of Seattle, Wash., for J. S. Goldsmith.

Leopold M. Stern and J. W. Russell, both of Seattle, Wash., for J. L. Gottstein, Arthur Bastheim, and Fred V. Fisher.

⚙︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

NETERER, District Judge.   The plaintiff files a bill in equity, alleging that she is a citizen of the state of Washington, that each and all of the defendants are citizens of the state of Washington, and of this district, and states, in substance, that she is the wife of one Pat Gibbons, and has been for practically 30 years; that the community composed of herself and her husband acquired certain lands in King county, Wash.; that on the 10th day of January, 1912, an involuntary petition of bankruptcy was filed against her husband, Pat Gibbons; that he was thereafter adjudged bankrupt; that various claims have been filed against the estate, asserted to be based upon community indebtedness; that the community land was sold by the bankruptcy court for $48,050, when in fact it was worth a great deal more; that certain moneys were paid to the Seattle National Bank on account of a lease which had been executed for the community land which was valuable chiefly for coal and coal being mined from the land; that on the 24th day of June, 1914, an order was served upon her in the bankruptcy proceedings, requiring her to appear before the referee in bankruptcy and assert and propound any right, title, interest, or claim she had to the money in the Seattle National Bank, or to the proceeds of the sale of the land: that she made a special appearance, challenging the jurisdiction of the court, and, upon a denial of her contention, appealed to the Circuit Court of Appeals, which confirmed the order of the referee and the District Court; that Pat Gibbons was not insolvent at the time of adjudication; that the community of Pat Gibbons and the plaintiff was solvent at said time, and is now solvent; that Pat Gibbons consented to adjudication in bankruptcy because of certain representations made to him with relation to the administration of the bankrupt estate by the party subsequently selected trustee in bankruptcy, who, it is alleged, advised Pat Gibbons that he would be selected trustee if adjudication was had, which were not fulfilled.   Alleges that the community lands sold were of the value of $250,000, and prays that the order of adjudication against Pat Gibbons be set aside; that the facts with reference to the solvency or insolvency of said Pat Gibbons and the community consisting of said Pat Gibbons and the plaintiff was insolvent; that the said property be resold after determining the amount and character of the debts against the said Pat Gibbons, the separate debts and community debts against the said Pat Gibbons and the plaintiff as a community; and that an order be entered staying the bankruptcy proceedings until the matters complained of in the bill of equity should be adjudicated.

The defendants Dexter Horton Trust & Savings Bank, a corporation, M. & K. Gottstein, and J. S. Goldsmith, trustee, moved to dismiss the bill, upon the ground and for the reason that it affirmatively appears in the bill that this court has not jurisdiction.

[1] The motion to dismiss must be granted.   Diversity of citizenship (section 24, Judicial Code) is the only status that would give the court jurisdiction of the issues tendered in this bill, and it affirmatively appears on the face of the bill that there is not diversity of citizenship.

[2] Aside from this question, the issues which are tendered here have in part been determined by the bankruptcy court, in which the

other issues sought to be raised are now pending. The plaintiff cannot now be permitted to relitigate matters which have been presented or are undisposed of by the bankruptcy court. It would present an anomalous situation if a court, sitting as a bankruptcy court, could administer an estate and adjudicate the rights of contending parties, if, upon adverse ruling, the court, as a court of equity, would entertain a bill of the defeated parties to review the bankruptcy proceeding. A bill in equity will not be entertained for the purpose of adjudicating any matter or reviewing any proceeding in the court of administration in the bankruptcy court. U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055. The jurisdiction of the bankruptcy court is intended to be exclusive of all other courts, and such proceedings include all matters of administration and the determining of rights between contending parties with relation to the estate upon a fund in the custody of the court.

[3] Section 5918, Rem. & Bal. Codes of Wash., gives the husband the management and control of the community real estate, and provides that all such community real estate shall be subject to liens of judgments recovered for community debts and to sale on execution issued thereon. Section 47 of the Bankruptcy Act vests the trustee with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and the power of a judgment creditor holding an execution duly returned unsatisfied. It is well settled by the Supreme Court of Washington that all property acquired by the husband after marriage is prima facie community property, and all debts incurred by him during the existence of the marriage relation are prima facie community debts. The Circuit Court of Appeals of this circuit (222 Fed. 826, —— C. C. A. ——), on the very matter in issue, held, upon the authority of Thygesen v. Neufelder, 9 Wash. 455, 37 Pac. 672, and Bimrose v. Matthews, 78 Wash. 38, 138 Pac. 319, that the adjudication against Pat Gibbons was also an adjudication against the community, and that the discharge of Pat Gibbons discharged the community.