[No. 17792.   Department One.   June 5, 1923.]

## MARIA J. PAIN, *Appellant*, v. W. F. MORRISON *et al.*, *Respondents.*[1]

HUSBAND AND WIFE (61)—VENDOR AND PURCHASER (31)—EFFECT OF EXECUTORY CONTRACT ON TITLE—COMMUNITY PROPERTY—MANAGEMENT OF PERSONALTY. A conditional contract for the sale of community land being personal property and not creating any interest in land, the husband had the lawful right and power to dispose of it, especially in the prosecution of the affairs of the community, independently of any power or authority of the wife.

HUSBAND AND WIFE (50)—COMMUNITY PROPERTY—ESTOPPEL TO DENY NATURE OF PROPERTY. Where real property was conveyed to a wife, becoming community property under Rem. Comp. Stat., § 6893, and there was nothing of record to show an oral agreement between the spouses that it was to be the wife's separate property, the wife, having given her husband a power of attorney to convey the property, cannot complain of his conveyance to innocent parties taking it in the belief that it was community property.

[1]Reported in 216 Pac. 29.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered July 10, 1922, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*R. H. Fry* and *A. Emerson Cross,* for appellant.
*Bigelow & Manier,* for respondents.

MITCHELL, J.—William Pain and Maria J. Pain were and are husband and wife. The real property involved in this action, situated in Thurston county, was conveyed to them by third parties, in the wife's name as grantee, and under § 6893, Rem. Comp. Stat. [P. C. § 1434], became their community property. Thereafter, under date of March 11, 1921, Mrs. Pain, at Olympia, duly executed and acknowledged her power of attorney as follows:

"That I hereby make constitute and appoint Dr. Wm. Pain my true and lawful attorney to act for me and in my stead, with full power and authority in the premises, particularly in the matter of renting, mortgaging and negotiating for the sale and executing any contract of sale or deed having to do with any lands owned by me or in which may have an interest as the wife of Dr. Wm. Pain, in the State of Washington, empowering and authorizing my said attorney to act for me and in my behalf as my said attorney, particularly in reference to the following described lands, situate in Thurston county, Washington. I hereby empower my said attorney with full authority to execute any contract or deed in reference to the same, to-wit:"

Then follows therein a description of the real property involved in the action.

Under the same date, March 11, 1921, a real estate contract was entered into at Olympia by which Pain and his wife agreed to sell, and W. F. Morrison agreed to buy, the property for the sum of $6,000, $1,000 on

delivery of the contract and $720 per annum, with seven per cent per annum interest thereafter until $5,000 and interest was paid. The contract contained the usual time essence and forfeiture clauses, was signed by William Pain, Maria J. Pain, by William Pain, her attorney in fact, and by W. F. Morrison. The contract was delivered to Morrison on March 17, 1921, at Olympia, at which time he gave Mr. and Mrs. Pain $1,000. It appears that, notwithstanding the date of the power of attorney, it was in fact not executed and delivered by Mrs. Pain until March 17, 1921, on which date it was duly recorded in the auditor's office of Thurston county, having been filed by William Pain.

Thereafter, on May 25, 1921, William Pain and Maria J. Pain, by him as her attorney in fact, as parties of the first part, in consideration of $200 cash and $3,300 to be paid upon the execution and delivery of a deed, entered into a duly acknowledged real estate contract by which they agreed to sell and convey by a good and sufficient deed to Allen White, the party of the second part, the same real property, and in the contract it was agreed, ''This land is subject to a contract of purchase to W. F. Morrison dated March 11, 1921, and second party agrees to the terms thereof, and first parties upon receipt of purchase price named herein renounce all claims to the said contract.'' Within a few days, and to the satisfaction of the vendors, under the terms of the contract Allen White paid the remaining $3,300 and received a deed to the property, made and acknowledged by Pain and his wife, the latter by him as her attorney in fact.

On March 16, 1922, Maria J. Pain brought this action against Morrison and wife to recover $720 and interest, the annual payment by the terms of the con-

tract with Morrison; against White and wife to set aside the deed to them as null and void; and against William Pain to have it decreed that he had no interest in the real property and that it belonged to her in her own separate right. William Pain suffered an order of default to be entered against him. The defendants Morrison and wife answered, and so did White and wife. To the answers the plaintiff filed replies.

Upon the trial of the case, appropriate findings and conclusions were entered supporting the judgment rendered that the title to the real property be quieted in the defendants Allen White and wife against every claim thereto on the part of Maria J. Pain and denying relief to defendants Morrison and wife on their cross-complaint against the plaintiff. Maria J. Pain has appealed. Morrison and wife have not appealed.

The case on the appeal is considered by the appellant as presenting three questions. First: Whether or not the power of attorney to the husband was obtained by fraud. This is a question of fact that was determined by the trial court against the appellant upon what appears to us to be a clear preponderance of the evidence—a finding in entire consonance with appellant's attitude in suing Morrison and wife upon a contract authorized and made under that power of attorney.

The second question is, whether, under the power of attorney, the husband had the right to execute the contract of sale and the deed to Allen White; and the third question is, assuming he had such authority, is the appellant still entitled to recover from Morrison on the contract to him. These two assignments we discuss together. Counsel for appellant admit that the contract of sale to Morrison was personal property

and that, while it related to land, it did not create any interest, legal or equitable, in the land. It is then assumed, because of some evidence, over the objection of White and wife, to the effect that when the title was taken by the Pains in the name of the wife, that it was understood by the husband and wife that the property was to be and did become her separate estate, and from that assumption it is argued that the real estate contract to Morrison was a mere chose in action belonging to appellant and that her husband could no more sell it than he could sell a promissory note belonging to her, under the power of attorney in this case.

We may admit the construction of the power of attorney contended for and that the conclusion follows the assumption made, but the trouble is there is error in the premise. If there was an oral enforcible understanding between the husband and wife so far as they are personally concerned, which we find it unnecessary to decide, at the time the title was taken in her name, that the property was to be her separate estate, certainly there is no evidence, written or otherwise, in the record that put the Morrisons or the Whites upon notice that such was the fact. As to them the real property was the community property of Pain and wife, under the statute; so that, while the contract with Morrison was a chose in action, or like a promissory note had it been given by him, it belonged not to Maria J. Pain, but to the community composed of her husband and herself, and he having the management and control of it (Rem. Comp. Stat., § 6893) [P. C. § 1434], had the lawful right and power to dispose of it, especially in the prosecution of the affairs of the community, independent of the power of attorney. That is what he did.

At the time when the Morrison contract, though outstanding, created no legal or equitable estate in the property, and under her power of attorney, which was ample for the purpose, William Pain in his own name, and his wife, through him as her attorney in fact, agreed to sell the property to Allen White for $3,500, with the proviso or added term that, upon receipt of the purchase price, they, the vendors, would renounce all claims they had under the Morrison contract. They seemed to prefer a large cash sum to the long time payments provided for in the Morrison contract, and when Allen White paid the full purchase price, the vendors waived all right to collect anything from Morrison. The Morrisons and Whites appear to be content with the judgment quieting the title to the property in White and wife, and we are satisfied the appellant has no just cause of complaint.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.