[No. 21865. Department Two. September 9, 1929.]

WASHINGTON PULP & PAPER COMPANY, *Respondent*, v. ALBERTA S. ROBINSON *et al.*, *Appellants*.[1]

*Carroll Hendron* and *Edwin H. Flick*, for appellants.
*Donworth, Todd & Holman*, for respondent.

MAIN, J.—This action was brought to quiet title to real property. The defendants, in their answer, pleaded an affirmative defense, which was in effect a cross-complaint, in which they asked that title be quieted in them to a certain interest in the property. To the cross-complaint, a demurrer was interposed and sustained. The defendants refused to plead further, and elected to stand upon their pleading. From the judgment entered, dismissing the cross-complaint and quieting title in the plaintiff to the lands in controversy, the defendants appeal.

The facts stated in the cross-complaint may be sum-

[1]Reported in 280 Pac. 68.

marized as follows: July 14, 1906, Fred W. Benjamine and Issachar N. Robinson entered into a written contract, by which Robinson was to select, cruise and purchase desirable timber lands in this state. Benjamine was to furnish the money to make the purchases. Title was to be taken in the name of Benjamine. In pursuance of this contract, Robinson selected, cruised and purchased certain lands in Jefferson county for which Benjamine paid and the title was taken in his name. The contract provided that, when the lands were sold, Benjamine should be reimbursed for his outlay, together with interest, and the balance, if any, should be equally divided between them. The contract contains this provision:

"The lands so purchased shall be held by the party of the first part (Benjamine) in his name, until the parties of the first and second part (Robinson) shall agree upon the sale thereof."

There is a further provision that Benjamine should execute and deliver to Robinson, from time to time, declarations of trust which would "assure the party of the second part (Robinson) his interest in said lands and in the proceeds thereof."

This contract, on June 13, 1913, was duly recorded in the auditor's office of Jefferson county. On the same day, there was recorded in the same office a declaration by Robinson in which he refers to the contract of July 14, 1906, and describes the lands purchased thereunder.

The appellants claim an interest in the lands by, through and under Robinson. Prior to the institution of this suit, the respondent had purchased the lands from Benjamine and had received a conveyance therefor. The appellants refused to ratify the sale or accept any portion of the proceeds thereof.

The controlling question is whether, under the contract of July 14, 1906, Benjamine had the right to

convey the lands free and clear of any interest of the appellants who claim under Robinson. The answer to this question depends upon whether, under the contract, Robinson had an interest in the lands. If he had no interest in the lands and his interest was solely in the profits, then Benjamine had a right to make the conveyance. If, under the contract, Robinson had an interest in the lands, then Benjamine could not make a conveyance and defeat the interest of those claiming under Robinson. The contract, as above stated, expressly provided that the lands should be held by Benjamine in his name until he and Robinson "shall agree upon the sale thereof." The law appears to be that, under a contract which provides that one party shall furnish the money and the other shall do the work in acquiring and disposing of lands, the one furnishing the labor has an interest in the lands when, under the contract, they cannot be sold except under the joint direction of both parties. In *Dierks & Sons Lumber Co. v. Bruce,* 239 S. W. (Mo.) 133, it is said:

"The law is well settled that, where the title to property purchased or acquired in connection with a joint adventure or the profits thereof is in the name of one of the parties, he holds it in trust for his associates according to their proportionate shares. If he paid the purchase price with his own money, then the question whether he is the exclusive owner of the land, or whether his associates have an interest in it, depends on the agreement between them. If the agreement merely provides that they are to share only the profits for services to be rendered, they have no interest in the land but only in the profits. Where, however, the land cannot be disposed of except under the joint direction of both parties, or without the consent of both, it has been held that the associates of him who has the title also have an interest in the land itself."

In the case of *Bonner v. Cross County Rice Co.,* 113 Ark. 54, 167 S. W. 80, the contract provided that the

"lands are to be handled and disposed of in any way agreed upon between the parties hereto, and the net profits are to be divided equally between the said parties." It was there said:

"Here the contract provided that the lands were to be disposed of under the joint direction of all the parties to the contract. This gave Bonner something more than a mere interest in the profits after the lands were sold. It gave him an interest in the lands themselves."

The contract in the case now before us having expressly provided that the lands could not be sold except upon the agreement of both the parties, gave Robinson an interest in the lands. He having had an interest in the lands, those claiming by, through and under him would have the same interest until it had been legally divested in some way.

The case of *Houghton v. Callahan,* 3 Wash. 158, 28 Pac. 377, is not controlling. There the court was called upon to construe a writing which was in the form of a letter and it was held that under that writing it was not the intention of the parties to give the one purchasing the lands, but who did not furnish the money, any interest therein, but only a right to the profits. The language of the letter there mentioned was distinctly different from the language of the contract in the present case. Here the writing is clear and unequivocal and does not call for a construction for the purpose of ascertaining the intent of the parties, the question being merely the application of the law to the plain language of the contract.

As further indicating the intention of the parties, the contract recites, as above stated, that declarations of trust shall be executed showing Robinson's "interest in said lands." The contract having given Robinson an interest in the lands, it follows that the appellants have an interest which the respondent could not disregard.

The judgment will be reversed and the cause remanded with direction to the superior court to overrule the demurrer to the cross-complaint.

FULLERTON, PARKER, MILLARD, and FRENCH, JJ., concur.