In the Matter of the Estate of JOHN Q. MCKINNEY, SR., Deceased.

Surrogate's Court, Clinton County, December 2, 1940.

*Robert S. Long*, for Cleveland S. McKinney and Arthur C. McKinney, as administrators, etc.

*Jeremiah W. Davern*, for Arthur C. McKinney, claimant.

*F. Claude O'Connell*, for James McKinney, claimant.

*Newton B. Van Derzee*, for John Q. McKinney, Jr., Daniel McKinney and Ruth McKinney Johnson, petitioners.

*Arnold G. Chapman*, special guardian for Thearman McKinney, an infant.

HARRINGTON, S. Decedent died intestate on January 4, 1939. Letters of administration were issued by this court on January 12, 1939.

At the close of the testimony given in behalf of the claim of Arthur McKinney in the sum of $1,406, the motion of counsel for the administrators to disallow the claim was granted for failure of proof.

The only other matter presented to this court for determination is the distribution of the proceeds of the balance due on two land contracts executed by the decedent and his wife, Anna McKinney.

One contract is dated January 2, 1923, and the vendees therein are James H. McKinney, decedent's son, and his wife, Joeanna McKinney. The agreed purchase price was $4,000, payable in installments as therein mentioned. The premises agreed to be conveyed were the same premises conveyed to decedent and Anna McKinney, as husband and wife, by Joseph P. Thornton and Mary Thornton, his wife, by deed dated January 2, 1923, and recorded in Clinton county clerk's office in volume 138 of Deeds at page 69. The form of the deed is such that decedent and his wife at the time of the execution of the above contract owned the premises described therein as tenants by the entirety. The law seems clear that where the vendors under a land contract own the premises described

therein as tenants by the entirety, upon the death of one the survivor becomes entitled to the balance due on the contract. (*Matter of Maguire*, 251 App. Div. 337; affd., 277 N. Y. 527.) The same rule applies to the vendees in a land contract, who hold the property as tenants by the entirety. (*Sasso* v. *Meacham Realty Corp.*, 242 App. Div. 853; *Matter of Beecher*, 151 Misc. 395.) I am, therefore, of the opinion that Anna McKinney, decedent's wife, is entitled to any balance due on the contract above mentioned.

The other contract is dated May 1, 1933. The vendee is Arthur C. McKinney, decedent's son. The agreed purchase price is $2,000, payable $20 per month in advance, commencing May 1, 1933, and monthly thereafter without interest until the agreed purchase price is fully paid. The premises were owned by decedent at the time of his death and were part of the premises conveyed to him by Sophia Morrison and Myrtilla Morrison by deed dated March 31, 1906, and recorded in Clinton county clerk's office in volume 107 of Deeds at page 424. A default clause therein provided that upon failure to pay the monthly payments for a period of three months, the vendors at the end of said three months should have the right to declare the said contract void and retain all sums paid thereon and all improvements made thereon, all payments made thereon to be treated as rent and as liquidated damages. The contract further provided as follows:

" IT IS FURTHER AGREED that in case the said John Q. McKinney shall die before the payment in full of said purchase price, then and in that event the obligation of the party of the second part to make further payments shall immediately cease and the payment of said purchase price shall be deemed to have been made in full, and the party of the second part shall in that event be immediately entitled to receive a deed conveying to him the title to said property herein described free and clear of all liens and encumbrances, the same as if said purchase price had been paid in full, and shall have the right to compel the legal representatives of the said John Q. McKinney to execute and deliver to him such deed and the said Anna McKinney, wife of said John Q. McKinney, party of the first part, agrees that in the event of such death of John Q. McKinney she will execute and deliver to the party of the second part such deed."

The vendee in said contract, Arthur C. McKinney, is the same person whose claim against the estate in the sum of $1,406 was disallowed.

There was received in evidence three receipts showing payments on the contract as follows:

| | | |
|---|---|---|
| May 2, 1933.......................................... | $20 | 00 |
| June 17, 1933........................................ | 20 | 00 |
| August 26, 1933..................................... | 40 | 00 |
| Total payments............................... | $80 | 00 |

The total payments due on the contract at $20 per month commencing May 1, 1933, to January 4, 1939, amount to $1,360. Deducting payments thereon of $80, as above mentioned, and the balance due thereon at the date of decedent's death was $1,280.

It is to be noted that the paragraph of the agreement above quoted provides that upon the decease of John Q. McKinney, the decedent, the vendee is relieved from making " further payments " on the contract. No evidence was offered to indicate that such provision was intended to or did relieve the vendee from paying decedent's estate any delinquent payments on the contract. I believe such sums are due and payable to decedent's estate.

The petitioners herein and Cleveland S. McKinney urged that as the vendee defaulted in the terms of the contract some years prior to decedent's death, the administrators should now have the right to cancel the contract, repossess the premises described in the contract and distribute the same as real estate. The terms of the contract do not, in my opinion, afford any basis for such a conclusion. The default clause in the contract provided as follows: " It is further agreed that the party of the second part shall have possession of said premises May 1, 1933, and that in case the said party of the second part shall fail to perform this contract or any part of the same and shall fail to pay said monthly payments for a period of three months the said parties of the first part shall at the end of said three months have the right to declare this contract void and to terminate the same and to retain whatever may have been paid on said contract and all im, .ovements that may have been made on the premises, all such payments to be treated as rent for the said premises and as liquidated damages, and the said parties of the first part in case of such failure may consider and treat the party of the second part as tenant holding over without permission and may take immediate possession of the premises and remove the party of the second part therefrom."

I believe the provisions of the contract above quoted, when considered in the light of that part of the contract hereinbefore mentioned, clearly indicate that the vendors did not intend that the right to cancel the contract, as reserved to them, should survive them and be available to the representatives of their estates. If

the vendors had intended such a purpose, then I do not believe they would have included in the contract the provision therein as first above mentioned. I hold that the administrators do not have a right at this time to elect to cancel the contract by reason of the default in payments thereunder by the vendee prior to decedent's death.

The interest of a vendor in a land contract is personal property and upon his death his interest therein passes to his next of kin. (*Williams* v. *Haddock*, 145 N. Y. 144; *Crippen* v. *Spies*, 255 App. Div. 411.) The balance due under this contract of $1,280 should, therefore, be paid by the vendee to the administrators of decedent's estate to be distributed by them to decedent's next of kin, as personal property.

Prepare decree accordingly.