[No. 38979. Department Two. December 28, 1967.]

ROBERT D. LESLIE et al., Appellants, v. MIDGATE CENTER, INC., et al., Respondents.*

Lycette, Diamond & Sylvester and David C. Lycette, for appellants.

Robert A. Yothers, for respondents.

*Reported in 436 P.2d 201.

NEILL, J.—This is an action by Robert D. Leslie, a licensed realtor, and his wife to establish a 25 per cent community interest in certain parcels of real property purchased and then subsequently reconveyed by him pursuant to a joint venture agreement. Defendants are plaintiff-husband's three coadventurers and the corporation formed pursuant to the joint venture agreement. The joint venture agreement of January 25, 1964, recited (omitted portions are not relevant to the issues before us):

WHEREAS, the parties hereto desire to form a joint venture under the name of "Midgate Associates" for the purpose of acquiring options, or purchases or leases, upon certain property located at Midway, Washington, which property shall be joined together for the purpose of constructing an apartment house thereon, a medical clinic building and a shopping center, together with such additional structures as the parties hereto may so decide, and

WHEREAS, the parties hereto are respectively performing particular services to insure the successful undertaking of this joint venture as hereinafter set forth, now, therefore, the parties agree as follows:

1. That this joint venture is an interim status by the parties hereto for the acquisition of options or earnest monies or properties located in the Midway, Washington area, and that any dealings by the parties hereto in such land, options, leases or purchases shall be for the benefit of the joint venture, regardless in whose name said options, earnest monies or purchase agreements may be undertaken.

2. That each of the parties hereto shall share equally in the profits and losses of this joint venture.

. . . .

4. That none of the parties hereto shall sell, dispose of, transfer or encumber his interest in this property during the period of this joint venture.

5. That the parties hereto acknowledge that Robert D. Leslie shall spend his time as the real estate representative of the joint venture to secure options, earnest monies or purchase agreements upon the properties in Midway which have been verbally disclosed to all parties. . . .

6. That the parties hereto acknowledge that Midgate Associates shall remain in existence for a limited period

of time and that it shall be superceded by a corporation to be known as "Midgate Company", which shall be owned in equal shares by the parties hereto except that other parties may have an interest in said corporation, but which shall be as determined by the stockholders and/or directors of Midgate Company.

7. That in the event any of the parties hereto should become deceased prior to the formation of the corporation, the interest of said deceased person shall be purchased by the remaining three parties equally in such sum as may be determined by the representative of the estate of the deceased and said parties.

Pursuant to the agreement, plaintiff-husband purchased certain real property in his own name. His signature on all documents was accompanied by the word "trustee." The property was subsequently conveyed by "Robert D. Leslie, Trustee" to Midgate Center, Inc., the corporation formed pursuant to the joint venture agreement. Plaintiff-wife did not sign any conveyance or join in any transfer of properties to Midgate Center, Inc.

At the conclusion of the plaintiffs' case, the trial court entered an order dismissing their claim, from which order the plaintiffs appeal. The appeal is on an agreed statement of facts. Plaintiffs assign error to the trial court's ruling, as a matter of law, that the plaintiff marital community acquired no interest in the property acquired by plaintiff-husband as trustee and that, therefore, the wife need not have joined in any conveyance of such property.

The parties are in accord that (1) the agreement herein constituted a joint venture, *Keisel v. Bredick,* 192 Wash. 665, 74 P.2d 473 (1937); and (2) the interest of plaintiffs in the joint venture is a community asset. The disagreement arises as to the character of such community interest. Plaintiffs contend that the marital community acquired an interest in the real property because the plaintiff-husband, *as a member of the joint venture,* had an interest in each parcel of land and this interest was of a kind which necessitated, under RCW 26.16.040, his wife's joinder to effect a valid transfer to Midgate Center, Inc. The importance of emphasizing plaintiff-husband's status "as a member of the

joint venture" becomes clear since he occupied the dual role of trustee and coadventurer.

 The terms of the joint venture agreement clearly indicate that the parties intended that (1) the joint venture was to be merely a temporary relationship; (2) one of the purposes of the joint venture was to form a corporation which was to own all property acquired by the coadventurers prior to that corporation's formation; (3) plaintiff-husband was to act as a trustee to hold legal title to the property acquired by him as the coadventurers' real-estate representative; (4) plaintiff-husband did not need the approval of the other coadventurers when he transferred title to the successor corporation in accordance with the very terms of the agreement; (5) the beneficiary of the trust for which plaintiff-husband was trustee, and therefore the holder of the equitable interest in the property, was to be the joint venture and ultimately the successor corporation; (6) the only interest to be acquired by the coadventurers in the real property of the joint venture was to be the bare legal interest of a trustee and that, therefore, no individual coadventurer was to acquire specific or absolute ownership of the various parcels of land; and (7) the interest of the parties, as individual members of this business venture, was to consist of an equal right of control, an equal share of the profits, and an equal share in the stock of the corporation which was to succeed the joint venture. Under this view of the parties' intent, the plaintiff-husband, as a member of the joint venture, did not acquire an interest in the specific parcels of property of a kind necessitating the consent of his wife in order for plaintiff-husband, as trustee, to transfer the property to the successor corporation pursuant to the agreement. A joint venture is not a status created or imposed by law, but is a relationship voluntarily assumed and arising wholly out of the parties' express or implied contract. *Paulson v. McMillan*, 8 Wn.2d 295, 111 P.2d 983 (1941). In the case at bar, we must give effect to the parties' intent as summarized above, unless the intended relationship is prohibited by some rule of law.

Plaintiff-husband concedes that, under the terms of the written agreement, any of the property acquired by him, though taken in his own name, was acquired as a trustee. Whatever interest plaintiff marital community may have acquired in this property, such interest was not acquired as a result of plaintiff-husband's acquisition of the bare legal title as trustee. When plaintiff-husband, as trustee, transferred title to the corporation pursuant to the agreement, his wife's joinder in the conveyance was unnecessary. As stated in Bogert, The Law of Trusts and Trustees, § 146 (2d ed. 1965):

> The trustee's interest is a bare legal interest not entitling him to any benefit or profit from the trust property. . . . The beneficial equitable interest is in the beneficiary . . . .
>
> . . . .
>
> A husband has curtesy and a wife dower only when the other spouse was seized of a *beneficial* interest in realty of the proper type and size. The trustee's interest, even though it be a fee simple, is a bare legal interest, and therefore not appropriate as a basis for dower or curtesy in a surviving spouse of the trustee. Nor can a wife claim a homestead in lands held by her husband merely as trustee.

Similarly, the marital community normally does not acquire a community interest in real property which the husband holds merely as trustee. As we held in *Holly St. Land Co. v. Beyer,* 48 Wash. 422, 93 Pac. 1065 (1908), a joinder of the trustee's wife in a reconveyance of trust real property is unnecessary since the trustee acquires no beneficial interest.

As already indicated, we believe that the parties intended that the beneficiary of the trust, of which plaintiff-husband was trustee, was initially to be the joint venture, Midgate Associates, and then its successor in interest, Midgate Center, Inc. In other words, the joint venture was to hold the equitable interest in the real property until the corporation was formed, at which time the equitable interest immediately passed to the corporation. As to the capac-

ity of a joint venture or unincorporated association to be a beneficiary, there was formerly a difference of opinion arising from the common law rule that such an association was not a legal entity and from the operation of the rule against perpetuities. The general rule now, however, seems to be that an unincorporated association has such capacity. 1 Restatement (Second) of Trusts § 119 (1959), comment (a) provides:

> A statement of the law governing the capacity of an unincorporated association to take or hold the legal title to property is not within the scope of the Restatement of this Subject. Whether or not it has capacity to take or hold the legal title to property, it has capacity to be the beneficiary of a trust.

Similarly, Bogert, The Law of Trusts and Trustees, § 167 (2d ed. 1965), states:

> However, the modern attitude is generally that the unincorporated association is capable of being a beneficiary of a private trust, either because it is considered a de facto legal entity, or on the theory that the gift is to the association until incorporation and then to the corporation or to a corporation to be formed . . . .

*See also*, 2 Scott, The Law of Trusts § 119 (2d ed. 1956); 6 Am. Jur. 2d *Associations and Clubs* § 23 (1963); 54 Am. Jur. *Trusts* § 137 (1945).

As to a corporation's capacity to be the beneficiary of a trust, even though not in existence when the trust agreement was executed or when the trust property was acquired, 2 Scott, *supra,* § 112.2 states: "Just as a trust may be created in favor of an unborn child, so also it can be created in favor of a corporation not yet organized." *See also* Bogert, *supra,* § 163; 41 Wash. L. Rev. 583 (1966). *Accord, Senfour Inv. Co. v. King Cy.,* 66 Wn.2d 67, 401 P.2d 319 (1965).

Since the legal interest in the property in question was held by plaintiff-husband as trustee, and as the marital community acquired no specific interest in the property through the husband's status as trustee, and as the equitable interest in the property was held by the joint venture

and its successor corporation, it necessarily follows that neither the plaintiff-husband as an individual member of the joint venture nor the marital community acquired a specific interest in the individual parcels of land and the wife's joinder in the conveyance to defendant Midgate Center, Inc., was unnecessary.

In support of their argument that the coadventurers each had absolute ownership of a one-fourth interest in each parcel of land, plaintiffs cite a passage from 6 Am. Jur. 2d *Associations and Clubs* § 23 (1963) which states that as a general rule property used and ostensibly owned by an unincorporated association is the property of the individual members. This same authority, however, goes on to state that a trustee may be designated to hold legal title to property and that the members' interest "is subject, of course, to the right of the trustees . . . to dispose of as provided by the constitution and bylaws which form the contract between the member and the association." (p. 449) As we have already indicated, the designation of plaintiff-husband as trustee to hold legal title to the property involved in the instant case, with authorization to transfer such property to the corporation, is precisely what the parties provided for in their joint venture agreement.

Plaintiffs also rely on *Washington Pulp & Paper Co. v. Robinson,* 153 Wash. 683, 280 Pac. 68 (1929), which involved a joint venture to purchase lands and to divide the profits. The joint venture agreement therein provided that one party would do the work and the other would furnish the money and take the title to lands purchased; that the lands would not be sold except upon the agreement of both parties; and that the one doing the work would be provided with declarations of trust showing his "interest in said lands." We there held that the joint venture agreement, having expressly provided that the parties were to have an interest in the lands and that the lands could not be sold except upon the agreement of both parties, gave the party doing the work an interest in the lands, which interest was not divested when the other party sold the lands without

his consent and thus in violation of the trust agreement. The joint venture agreement in the case at bar clearly indicates that the parties intended that no member was to acquire an interest in the specific parcels of land other than the bare legal title of a trustee and that the property was to be transferred exactly as was done by plaintiff-husband.

Judgment is affirmed.

FINLEY, C. J., DONWORTH and HUNTER, JJ., and WARD, J. Pro Tem., concur.