HERBERT M. MELTZER et al., Appellants, v. WENDELL-WEST et al., Respondents.

Stern, Gayton, Neubauer & Brucker and Michel P. Stern, for appellants.

Bruce Maines, Leo A. Anderson, and Russell F. Tousley, for respondents.

CALLOW, J.—A summary judgment granted to defendant Safeco Credit Company, Inc., dismissed the plaintiff's claim for rescission of quitclaim deeds from Herbert M. Meltzer, acting alone, to Wendell-West, a limited partnership, engaged in the development and sale of land. The plaintiff asserts that since the deeds were executed by the husband alone they are voidable because the wife, Fern Meltzer, did not sign and join in the conveyance.

Wendell-West initially had promised to convey to Herbert and Fern Meltzer by "Deed and Seller's Assignment of Real Estate Contract," contracts reflecting unpaid balances of an approximate value of $480,000 in exchange for cancellation of a $200,000 indebtedness and advancement of an additional $100,000. Wendell-West was unable to meet this commitment, and contracts having an approximate value of only $360,000 were conveyed.

Thereafter, on April 17, 1970, Herbert Meltzer was dissatisfied with progress under the arrangement and without the knowledge of his wife Fern reconveyed the property located in Arizona[1] (referred to by plaintiffs as the vendor's interest in real estate) by quitclaim deed to Wendell-West in exchange for the promise of Wendell-West to pay the $480,000, plus interest over a 7-year period on an unsecured basis. On the same date, Wendell-West assigned the interest reconveyed to it by Herbert Meltzer to defendant Safeco as security for a loan of $500,000. Safeco was unaware of the prior transactions between Meltzer and Wendell-West. The assignment to Safeco also was by "Deed and Seller's Assignment of Real Estate Contract." Defendant Safeco perfected its security by filing under the Uniform Commercial Code and recording.

Months after the conveyance by Herbert Meltzer to Wendell-West, Fern Meltzer protested that she had not participated in the transaction and that her signature was required in order to convey community real property. Plaintiffs Meltzer commenced an action for relief against Wendell-West and Safeco to set aside the transaction. Safeco moved for summary judgment and Meltzers appeal the granting thereof.

Quaere: Is the vendor's interest in a real estate contract real or personal property when considered in the light of RCW 26.16?

At the time pertinent to the transaction in question, RCW 26.16.030 read as follows:

---

[1]The case was submitted solely on the law of Washington.

> Property not acquired or owned[,] as prescribed in RCW 26.16.010 and 26.16.020[,] acquired after marriage by either husband or wife or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof.

and RCW 26.16.040 read in part[2]:

> The husband has the management and control of the community real property, but he shall not sell, convey or encumber, the community real estate, unless the wife join with him in executing the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered, and such deed or other instrument of conveyance must be acknowledged by him and his wife:
> . . .

■ A vendor under a real estate contract has (a) legal title to the property, *Hubbard v. Grandquist,* 191 Wash. 442, 71 P.2d 410 (1937) and *Culmback v. Stevens,* 158 Wash. 675, 291 P. 705 (1930), and (b) the right to the payment of proceeds to the extent due under the contract. *Hubbard v. Grandquist, supra; Dysart v. Colonial Fire Underwriters,* 142 Wash. 601, 254 P. 240 (1927). See for an encompassing discussion of this area: Cross, *The Community Property Law in Washington,* 15 La. L. Rev. 640 (1955); Rappeport, *The Husband's Management of Community Real Property,* 1 Ariz. L. Rev. 13 (1959); Comment, *The Vendor-Purchaser Relationship in Washington,* 22 Wash. L. Rev. 110 (1947); and 91 C.J.S. *Vendor and Purchaser* § 106 (1955).

The dual aspect of the vendor's interest was noted in *Biehn v. Lyon,* 29 Wn.2d 750, 189 P.2d 482 (1948), stating at page 755:

> [T]hat the vendor in a real-estate contract may assign the contract to one person and convey legal title to an-

---

[2]RCW 26.16.030 and 26.16.040 were amended by Laws of 1972, 1st Ex. Ses., ch. 108, p. 175. The amendments to those sections were not in effect at the time of the transaction in question but would not change the result reached herein in any event.

other; or he may convey the legal title and retain the contract and the right to receive payments thereon.

The following transactions are illustrative of those held to be conveyances or encumbrances of real property requiring the signature of the wife:

1. Mortgages of community land: *Sander v. Wells,* 71 Wn.2d 25, 426 P.2d 481 (1967); *Campbell v. Sandy,* 190 Wash. 528, 69 P.2d 808 (1937).

2. Conveyances of or contracts to convey the fee estate: *Rustad v. Rustad,* 61 Wn.2d 176, 377 P.2d 414 (1963); *Tombari v. Griepp,* 55 Wn.2d 771, 350 P.2d 452 (1960); *Colpe v. Lindblom,* 57 Wash. 106, 106 P. 634 (1910).

3. The creation by grant of easements or profits: *Bakke v. Columbia Valley Lumber Co.,* 49 Wn.2d 165, 298 P.2d 849 (1956); *Northwestern Lumber Co. v. Bloom,* 135 Wash. 195, 237 P. 295 (1925).

4. The execution of leases of community land: *Stephens v. Nelson,* 37 Wn.2d 28, 221 P.2d 520 (1950); *Bowman v. Hardgrove,* 200 Wash. 78, 93 P.2d 303 (1939).

5. The contract for a broker's commission for the sale of community realty: *Geoghegan v. Dever,* 30 Wn.2d 877, 194 P.2d 397 (1948).

6. Contracts to sell community land: *Campbell v. Webber,* 29 Wn.2d 516, 188 P.2d 130 (1947); *Colpe v. Lindblom, supra.*

7. Trades of community realty: *Bush v. Quaiffe,* 138 Wash. 533, 244 P. 704 (1926).

8. Agreements to extend leases of community land: *Kaufman v. Perkins,* 114 Wash. 40, 194 P. 802 (1921).

9. Deeds to community land: *Gunderson v. Gunderson,* 25 Wash. 459, 65 P. 791 (1901).

The joinder of the wife has not been required for:

1. Conveyances of real property held by a husband as a trustee: *Leslie v. Midgate Center, Inc.,* 72 Wn.2d 977, 436 P.2d 201 (1967).

2. Surrender of community land to the state under certain circumstances: *Halvorsen v. Pacific County,* 22 Wn.2d 532, 156 P.2d 907, 158 A.L.R. 555 (1945).

3. Assignment of a written lease of community realty and the right to receive rental payments: *Anderson v. National Bank of Tacoma,* 146 Wash. 520, 264 P. 8 (1928); *American Sav. Bank & Trust Co. v. Mafridge,* 60 Wash. 180, 110 P. 1015 (1910); *Tibbals v. Iffland,* 10 Wash. 451, 39 P. 102 (1895).

4. The relinquishment or forfeiture of the community interest in executory contracts for the purchase of land: *Norman v. Levenhagen,* 142 Wash. 372, 253 P. 113 (1927); *Tieton Hotel Co. v. Manheim,* 75 Wash. 641, 135 P. 658 (1913).

5. Surrender of obligations due the community: *Shannon v. Prall,* 115 Wash. 106, 196 P. 635 (1921).

6. Assignments of community land for the benefit of creditors: *Thygesen v. Neufelder,* 9 Wash. 455, 37 P. 672 (1894).

7. Contracts for the construction of improvements upon community real estate: *Littell & Smythe Mfg. Co. v. Miller,* 3 Wash. 480, 28 P. 1035 (1892).

Whether a vendor of real property under a real estate contract retains real or personal property is not a community property consideration primarily but concerns the relationship of the vendor and purchaser under an executory real estate contract. *Panushka v. Panushka,* 221 Ore. 145, 349 P.2d 450 (1960), described the vendor's interest as personal property stating at page 149:

> An equitable conversion, therefore, takes place when a contract for the sale of real property becomes binding upon the parties. Thenceforth, the purchaser of the land is deemed the equitable owner thereof, and the seller is considered the owner of the purchase price. Upon the execution of the contract, the two contracting parties change positions. The purchaser's interest is "land", and the right and interest conferred by the contract upon the vendor is "personal property," i.e., ownership of the right to receive the purchase money. The naked legal title, which the vendor holds in trust as security for the payment of the purchase money, descends to his heirs to be held by them for the benefit of the purchaser, but the

vendor has no *interest* in the *land* which is subject to descent. Upon the vendor's death, his interest in the purchase money passes to his personal representative as personalty, and is distributable among the deceased vendor's next of kin. In short, as a result of the equitable conversion, the vendor holds an encumbered legal title, charged with the equitable interest of the purchaser, which is subject to be defeated by the purchaser's performance of the contract but so long as the contract remains executory, no title to the land is conveyed in law to the purchaser. Subsequent holders of the legal title with notice are likewise treated as trustees for the purchaser, as are heirs and devisees. This trust cannot be terminated either by the vendor or by anyone, with notice of the trust, claiming under, by or through the vendor, except for a breach by the purchaser of the conditions of the contract. The purchaser is called, by some courts, the trustee of the purchase money for the vendor. Other courts, adhering in strict theory, do not say "trustee," but designate the purchaser a contracting party bound by an obligation to pay the vendor or his personal representative money for the land purchased. [Citations omitted.]

This delineation of the position of the parties is in accord with the direction of the Washington case law since *Ashford v. Reese,* 132 Wash. 649, 233 P. 29 (1925), as reflected by *Windust v. Department of Labor & Indus.,* 52 Wn.2d 33, 37, 323 P.2d 241 (1958)[3]; *Griffith v. Whittier,* 37 Wn.2d 351, 223 P.2d 1062 (1950); *In re Estate of Verbeek,* 2 Wn. App. 144, 467 P.2d 178 (1970); Annot., 27 A.L.R.3d 572, 582 (1969); Note, 32 Wash. L. Rev. 127 (1957).

The vendor's interest has also been recognized as personal property by: *Stewart v. Young,* 247 Mich. 451, 226 N.W. 222 (1929); *Stender v. Stender,* 181 Mich. 648, 148 N.W. 255 (1914); *State ex rel. Hilton v. Probate Court,* 145 Minn. 155, 176 N.W. 493 (1920); *In re Estate of McKinney,* 175 Misc. 377, 24 N.Y.S.2d 906, 909 (1940); *Black v. Beagle,* 59 Wyo. 268, 139 P.2d 439, 140 P.2d 594, 148 A.L.R. 243 (1943).

---

[3]"*Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, . . . held . . . a vendee . . . acquired no title or interest, legal or equitable, . . . [This holding] has been whittled away until nothing remains."

Washington recognized the soundness of the Oregon approach in *In re Estate of Eilermann,* 179 Wash. 15, 35 P.2d 763 (1934), where the Oregon rule that an owner's interest in land is converted into personal property when he enters into an executory contract for the sale of the land and places the purchaser in possession was noted with approval.

The *Eilermann* case held that the vendor's interest in a real estate contract is intangible personal property, citing *Davie v. Davie,* 47 Wash. 231, 91 P. 950 (1907), for the proposition that the vendor under a real estate contract has an interest which is but the right to the proceeds which is personal rather than real property. *See also In re Estate of Fields,* 141 Wash. 526, 252 P. 534 (1927).

The right to receive payments under a real estate contract is considered a chose in action and intangible personal property. *In re Estate of Plasterer,* 49 Wn.2d 339, 301 P.2d 539 (1956); *In re Estate of Barclay,* 1 Wn.2d 82, 92, 95 P.2d 393 (1939).

The conveyance executed solely by the husband of the vendor's interest in the real estate contracts was a transfer of the right to receive the payments due under the contracts, a chose in action, personal property and the joinder of the wife in such a transfer of personal property is not required. *Hubbard v. Grandquist, supra; Culmback v. Stevens, supra; Button v. Traders Trust Co.,* 157 Wash. 625, 289 P. 1010 (1930); *Pain v. Morrison,* 125 Wash. 267, 216 P. 29 (1923).

 The legal title, however, cannot be conveyed without the joinder of the wife and is held by Meltzers in trust for both the original purchasers under the contracts and for the assignees of the vendor's beneficial interest. If the purchaser's complete payment, Meltzers, as trustees, must convey to them the legal title to the property. If, however, the purchasers default, the holders of the beneficial interest are entitled to the benefits of the trust.

Washington recognized this in *Culmback v. Stevens, supra,* quoting *Foster v. Lowe,* 131 Wis. 54, 110 N.W. 829 (1907) at 682:

"The vendor in a land contract who assigns that contract or the right to the payments thereunder to another holds the legal title to the land in trust for the two parties under that contract, and such trust persists and accompanies the legal title wherever it may go, unless, indeed, into the hands of a *bona fide* holder for value. Of course, when payment is completed that trust is solely and exclusively for the purchaser, who thereby gains the complete equitable title to the land. *Church v. Smith,* 39 Wis. 492; *Bartz v. Paff,* 95 Wis. 95, 69 N. W. 297.

The thread is pursued by *Tarpinian v. Wheaton,* 79 S.D. 473, 113 N.W.2d 472 (1962), which articulated the precept thus at page 479:

It is settled that a vendor, after execution and delivery of such a contract for deed, holds the legal title in trust for the benefit of the purchaser, and under an obligation to convey when the purchaser has acquired a right to be vested with title. Reid v. Gorman, 37 S.D. 314, 158 N.W. 780; and Phillis v. Gross, 32 S.D. 438, 143 N.W. 373. Elsewhere it has been held that if he thereafter assigns the contract for deed, but retains the title, he thereupon holds the title as trustee for both the purchaser and the assignee of the contract. Foster v. Lowe, 131 Wis. 54, 110 N.W. 829; 92 C.J.S. Vendor & Purchaser, § 310b.(1), p. 190; 55 Am. Jur., Vendor and Purchaser, § 450, p. 855.

The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.