CLIFFORD S. WOODRUFF, Appellant, v. MAX GERMANSKY, Respondent, Impleaded with Another.

**Appeal — when Court of Appeals may review question of law presented by dismissal of complaint in action in equity in absence of exception — when complaint demanding specific performance of alleged agreement to pay money to third party at certain time states good cause of action — when court of equity will not interfere to compel payment to third party on due day — Court of Appeals may grant judgment party is entitled to.**

1. Where upon the close of the evidence on the trial of an action in equity the court, instead of passing on the merits, reserves decision and later grants defendant's motion to dismiss the complaint on the ground that it failed to state a cause of action in equity, whereby counsel has no opportunity to interpose a formal exception, the Court of Appeals may review the question of law presented.

2. A complaint alleging that defendant agreed, as part of the purchase price of real estate, to pay, on a certain date, to a third party, a certain note and thus obtain the discharge of a mortgage, covering part of the property, given as security for payment of said note, which mortgage was a prior lien to plaintiff's purchase-money mortgage, but that defendant had failed and refused to pay the said note, and demanding judgment that defendant be required to specifically perform, states a good cause of action.

3. Where, however, it appears on the record that the contract was not correctly pleaded and that by its terms defendant merely assumed the payment of the note when due and plaintiff guaranteed that the mortgage given to secure the payment thereof should be satisfied of record upon such payment and that defendant has performed his agreement by assuming payment of the note, thereby becoming the principal debtor, a court of equity will not interfere at the suit of plaintiff to compel defendant to pay the debt to the third party on the due day, and a nonsuit should be granted for failure of proof.

4. The Court of Appeals may grant such judgment as the party is entitled to.  (Code Civ. Pro. § 1337; Civ. Pr. Act, § 604.)

*Woodruff* v. *Germansky*, 194 App. Div. 898, affirmed.

(Argued April 27, 1922; decided May 9, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered November 29, 1920, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

*William G. Phlippeau* for appellant. The complaint states a cause of action in equity. (*Crary* v. *Smith,* 2 N. Y. 60; *Rindge* v. *Baker,* 57 N. Y. 209; *Bauman* v. *Pinckney,* 118 N. Y. 604; *James* v. *Barnes,* 105 App. Div. 287.) The affirmative defenses set up in the amended answer are insufficient and not supported by the evidence. (*Sage* v. *Truslow,* 88 N. Y. 240; *Witbeck* v. *Wains,* 16 N. Y. 532; *Disbrow* v. *Harris,* 122 N. Y. 362; *Wynne* v. *Friedman,* 49 Misc. Rep. 616; *Morris* v. *Whitaker,* 20 N. Y. 41; *Gifford* v. *Corrigan,* 117 N. Y. 257; *N. Y. Life Ins. Co.* v. *Aitkin,* 125 N. Y. 660; *Watkins* v. *Reynolds,* 123 N. Y. 211; *Hartley* v. *Harrison,* 24 N. Y. 170.)

*Isaac Josephson* for respondent. The plaintiff's complaint fails to state a cause of action in equity. (*Coffin* v. *Lockhart,* 60 Hun, 178.) The land is the primary fund for the payment of the mortgage debt, and as between the grantor and the grantee the liability is that of indemnitor or surety only. (*Keller* v. *Lee,* 66 App. Div. 184; *Wilbur* v. *Warren,* 104 N. Y. 197; *Slauson* v. *Watkins,* 86 N. Y. 597.)

POUND, J. This is an action to compel the specific performance by the purchaser of one of the covenants to pay contained in a contract in writing for the sale of real estate, which the plaintiff, the vendor, has fully performed on his part. Issue was joined by the service of an answer, the case was tried, both parties offering evidence, but the court, when the evidence was closed, instead of passing on the merits, reserved decision and later granted defendant's motion to dismiss the complaint, on the ground that it failed to state a cause of action in equity. Counsel had no opportunity to interpose a formal exception to this disposition of the case so we may review the question of law thus presented. (*Pangburn* v. *Buick Motor Co.,* 211 N. Y. 228, 236.)

The complaint briefly summarized alleges that plaintiff sold land to respondent which the latter purchased; that the defendant covenanted and *agreed to pay* the purchase price, $6,600, as follows: $1,000 in cash; $3,100 on October 24, 1919, secured by bond and mortgage covering the real estate, and $2,500 by the payment of the last-mentioned amount and interest due thereon from October 23, 1916, to the defendant Howard Realty and Development Company *on July 8, 1917,* in satisfaction and discharge of a certain promissory note held by the defendant Howard Realty and Development Company, executed and delivered to it by one A. Edward Woodruff, which note of $2,500 was secured by a mortgage of $4,450 covering part of the real estate; that on payment of the note the mortgage was to be satisfied; that Howard Realty and Development Company also agreed to satisfy the mortgage and is ready and willing to do so on payment being made; that plaintiff delivered to the defendant Max Germansky a deed of the real estate; that Germansky paid to the plaintiff $1,000 in cash and executed and delivered the bond and mortgage as agreed, but *failed and refused to pay* the balance of the purchase price of said real estate, to wit, $2,500, and refused to pay the said promissory note of $2,500 due and payable by its terms on July 8, 1917, held by the defendant Howard Realty and Development Company, although demand was made upon him. Plaintiff demands judgment that defendant Max Germansky pay to the defendant Howard Realty and Development Company the sum of $2,500 and interest from October 23, 1916, and that the Howard Realty and Development Company upon payment thereof cancel and discharge the mortgage of $4,450.

The learned trial court held that plaintiff's complaint is not good for the reason that he seeks only to compel the payment of money and pleads no facts which call for equitable intervention.

At first sight it may appear that an action for damages

[233 N. Y. 365]          Opinion, per POUND, J.          [May,

is a complete and adequate remedy for breach of an agreement to pay the purchase price of real estate and that an action for the specific performance of a contract to pay money is not only an unusual remedy but one that cannot be maintained. Taking the allegations of the complaint as a whole, however, and construing them liberally (Code Civ. Pro. § 519; Civil Practice Act, § 275) they reasonably spell out a good cause of action. It is clear that damages would not place the vendor in the same situation in which he would be if the contract were performed by the purchaser according to its terms as pleaded. Presently to maintain an action for damages he must pay the $2,500 note in order to obtain a discharge of the $4,450 mortgage. Why should he be deprived of equitable relief and put to that roundabout course to remove this prior lien which stands ahead of his own purchase mortgage security? The cause of action set forth in the complaint rests on defendant's positive agreement to do an act on a given day, which is to prevent damages to plaintiff. (*Slauson* v. *Watkins*, 86 N. Y. 597, 601.) As the facts are pleaded, defendant does not merely assume, adopt or take upon himself the burden of the mortgage, the care of it, so that the mortgagor should not be harmed or troubled by it. He agrees to pay, as a part of the purchase price, the note and secure the discharge on July 8, 1917. If this were the agreement of the parties it would not be necessary for plaintiff to pay the mortgage debt to entitle him to maintain this action as pleaded nor would it be necessary for him to make the land pay and claim relief only if a deficiency arose on a foreclosure of his own mortgage.

If the action were to compel the payment of the money to plaintiff the action would clearly lie. Although the covenant is to pay a third party's debt, the plaintiff is directly interested in its performance. It is made for his benefit. Speaking of contracts for the sale of real estate, the leading English authority says: " It is well established

that the remedy is mutual, and that the vendor may bring his action in all cases where the purchaser could sue for specific performance of the contract." (Fry on Specific Performance [6th ed.], p. 33.) This is the general rule in the United States. (25 Ruling Case Law, 272; "A Vendor's Right to Specific Performance" by William Draper Lewis, 41 Amer. Law Register [N. S.], 65.)

The New York rule is thus stated: "As early as 1835, it was said by Chancellor WALWORTH that a suit in equity against a vendee to compel a specific performance of a contract to purchase land had always been sustained as a part of the appropriate and acknowledged jurisdiction of a court of equity, although the vendor has, in most cases, another remedy by an action at law upon the agreement to purchase. (*Brown* v. *Haff*, 5 Paige, 235.) One of the earliest decisions of this court was to the same effect (*Crary* v. *Smith*, 2 N. Y. 60) and the right of a vendee to maintain specific performance is too well settled to require further discussion." (*Baumann* v. *Pinckney*, 118 N. Y. 604, 612.)

A cause of action is well pleaded. It appears, however, on the record that plaintiff cannot establish the one material allegation of his complaint upon which his right to equitable relief depends. The contract is not made a part of the complaint but it was received in evidence. By its terms the defendant merely *assumes the payment* of the $2,500 note of a third party when due and plaintiff guarantees that the $4,450 mortgage given to secure the payment thereof shall be satisfied of record upon such payment. It thus appears that the contract is not correctly pleaded, that it is not susceptible of the construction placed upon it by the pleader, and that plaintiff cannot establish the allegation of the complaint to the effect that defendant agreed to pay the note and obtain the discharge of the mortgage on July 8, 1917. The distinction is between an agreement to pay the vendor

and an agreement to assume payment of the debt of a third party secured by mortgage on the realty; between a personal obligation to pay money and a charge on the land as the primary fund. The error of the trial justice was in the reason he gave for his decision rather than in the decision itself. Defendant has performed his agreement. He has assumed the payment of the note. As between the maker and the purchaser, he has become the principal debtor. (*Russell* v. *Pistor*, 7 N. Y. 171, 173.) But a court of equity will not interfere at the suit of plaintiff to compel the principal debtor to pay the debt of the third party on the due day. Plaintiff may not have further performance of a covenant already performed according to the letter of the contract. (*Slauson* v. *Watkins, supra; Coffin* v. *Lockhart*, 60 Hun, 178.) The judgment should have been one of nonsuit for failure of proof. This court may grant such judgment as the party is entitled to. (Code Civ. Pro. § 1337; Civil Practice Act, § 604.)

Although the case should be tried again if the sufficiency of the complaint alone is to be considered, the judgment should be affirmed, with costs.

HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., and CARDOZO, J., concur in result.

Judgment affirmed.