[No. 22195. *En Banc.* October 1, 1930.]

GEORGE CULMBACK, *as Trustee, Appellant,* v.
CHARLES E. STEVENS *et al., Respondents.*[1]

[1]Reported in 291 Pac. 705.

*Verne C. Henry* and *William A. Johnson,* for appellant.

*Robert Mulvihill,* for respondent.

FULLERTON, J.—On, and for sometime prior to, August 22, 1927, one Verne A. Smith and Ethel Smith, his wife, were the owners of certain real property located at Beverly Park, near the city of Everett, in this state. The owners had caused to be erected thereon two dwelling houses. On the date above given, the owners of the property entered into a written contract with the respondents Burdett Richardson and Dorothy Richardson, his wife, whereby they agreed to sell, and the Richardsons agreed to buy, one of the houses, together with the land upon which it was situated, the land being described by metes and bounds. The agreed purchase price of the property was $3,750. On the purchase price of the property, the contract purchasers paid one hundred dollars at the time the contract was executed, and agreed to pay the remainder in monthly instalments of forty dollars each. There was a mortgage upon the property, at the time, of fifteen hundred dollars, which mortgage the sellers agreed to pay. The contract purchasers entered into possession of the property at the time of the execution of the contract, and were in such possession at the time of the trial of the action now before us.

The labor of constructing the houses was largely performed by the respondent Charles E. Stevens, a brother-in-law of the sellers, under an agreement that he was to be paid for his services when one of the houses was sold. Pursuant to this agreement, the sellers, on September 5, 1927, executed a written instrument, the purpose of which was, according to the testimony of the sellers and the testimony of Stevens, to assign to Stevens all the right, title and interest of the

sellers in and to the contract and the property described therein.

The instrument was drawn by one of the sellers, and is somewhat inartificially worded to accomplish the purpose intended. The words of grant are "all of the right, title and interest" of the assignors in and to the property described, and the property described is "all payments due or to become due" on the contract. Further on, the assignment recites that "the property which we are selling to Richardson is situated . . .," followed by a description of the property as it is described in the contract with the Richardsons. The assignment, while signed by both the assignors, was not acknowledged nor recorded, and was delivered to the assignees named therein on a later day in the month than the day it bears date.

There was no substantial disparity between the debt owing by the Smiths to Stevens and the interest the Smiths had in the property after the execution of the contract to the Richardsons. The Smiths' interest at that time was the contract price less the existing mortgage thereon. The debt due Stevens closely approximated this sum, being slightly larger.

Sometime thereafter, Verne A. Smith engaged in a business which led him into financial difficulties, and he and his wife were adjudicated bankrupts on July 10, 1928, in a proceeding instituted in a Federal court. In the bankruptcy proceeding, the appellant, Culmback, was elected trustee in bankruptcy and qualified as such.

In their schedule of assets filed in the bankruptcy proceedings, the Smiths did not list this property as part of their assets, but later on, at the instigation of the trustee in bankruptcy, they were directed to so list it by the court and did list it, disclaiming at the time any interest in the property. Neither Stevens nor his wife, however, was made a party to the proceedings.

Richardson made the monthly payments falling due on his contract of purchase down to the time that the Smiths were adjudicated bankrupts. Following the adjudication, the trustee in bankruptcy demanded that all subsequent payments be made to him as such trustee. Stevens protested against the trustee's claim, and demanded that the payments be made to him. Richardson then refused to pay to either claimant until their rights were determined. The trustee thereupon served upon them a notice purporting to forfeit the contract. No notice of forfeiture has been served on him by either the Smiths or Stevens.

Subsequent to the demand and service of the notice of forfeiture by the trustee in bankruptcy, but before the present action was instituted, the Smiths, by a formal deed of conveyance, conveyed all of their right, title and interest in and to the property to the respondent Stevens.

Thereafter the trustee in bankruptcy began the present action to recover possession of the real property from the respondent Richardson, and to quiet title thereto in himself as trustee in bankruptcy of the bankrupts, Smith, against the claims of both Richardson and Stevens. Upon a trial after issue joined, the trial court found, as a conclusion of law, that the respondents Stevens and wife are the owners of the real property in controversy, subject to the contract of sale made by the Smiths to the Richardsons, and that the appellant, Culmback, as trustee in bankruptcy of the Smiths, had no right, title or interest in and to the property of any nature whatsoever; further finding that Stevens was entitled to a decree quieting title in himself to the property against the claims of the trustee in bankruptcy, and entered a decree accordingly.

The trustee in bankruptcy makes two principal contentions for reversal. The first is that the evidence is not sufficient to justify a finding that the assignment from the Smiths to Stevens was executed and delivered more than four months prior to the time the Smiths were adjudicated bankrupts; and the second is that neither the contract with the Richardsons, nor the assignment of their interest to Stevens, divested the Smiths of their title and interest in the real property in question; that the bankruptcy proceedings vested in him, as the trustee in bankruptcy of the Smiths, such title and interest as the Smiths had therein, and that he can enforce his title in the property against the claims of all of the adverse parties.

As to the first of the contentions, it is the positive testimony of the parties to the instrument, that it was executed on the day it bears date, and was delivered a short time later. The appellant, to refute the testimony, relies upon the admitted relationship of the parties, the manner in which the instrument was executed, and the conduct of the parties thereafter with relation to it, all of which, he contends, points to the conclusion that the

". . . assignment was never written until after March 10, 1928, which means that it was executed at a date when Smith was insolvent, and within four (4) months next prior to the bankruptcy."

But we find nothing on the face of the record which necessarily compels this conclusion. The fact of relationship of the parties is admitted, but manifestly this does not necessarily spell untruthfulness or dishonesty. The manner in which the instrument was executed might have been more formal, but informality in this respect can as well be the result of ignorance of legal forms as an intent to deceive and defraud. The other circumstances relied on were explained by

the witnesses. In fine, the question as to the time the instrument was executed depends upon the veracity of the witnesses. They were before the trial court, and since it found no reason to doubt the truthfulness of their testimony, we shall follow its conclusion.

As to the second of the contentions, it may be conceded that neither the contract with the Richardsons, nor the subsequent assignment of that contract to Stevens, divested the Smiths of their naked legal title to the real property therein described. But we cannot follow him in his further contention that the Smiths, after the execution of these instruments, had remaining therein any such valid subsisting interest as would pass as assets to him as trustee in bankruptcy of the Smiths. Whether the contract with the Richardsons did or did not vest in them the title to the property, or did or did not vest in them an interest therein, it did vest in them a right through which they could, on the performance of the contract, enforce a conveyance to them of the property by the Smiths, or a conveyance to them by any subsequent assignee or grantee of the Smiths who took with notice of the contract.

Whatever this court may have said heretofore on the question of the effect of such contracts in *Schaefer v. Gregory Co.*, 112 Wash. 408, 192 Pac. 968; *Ashford v. Reese*, 132 Wash. 649, 233 Pac. 29, or *In re Kuhn's Estate*, 132 Wash. 678, 233 Pac. 293, we now say that it creates a right enforceable against the land which is the subject of the contract; a right which cannot be taken away by either the grantor in the contract or by any one, with notice of the contract, claiming under, by or through the grantor, unless for a breach of the conditions of the contract by the grantee.

It must follow that the interest in the property remaining in the grantors after the execution of the con-

tract to the Richardsons was an incumbered title; that it was a legal title subject to be defeated absolutely by a performance of the contract on the part of the grantees, and subject to be reinstated in full on a breach of the contract. The real beneficial interest remaining in the grantors was the right to receive the payments as they fell due on the contract.

Notwithstanding the contention of the appellant to the contrary, the right to receive the payments as they become due on the contract is assignable, and the right can be assigned by any form of writing which expresses the intent of the parties. It neither requires acknowledgement nor recording to pass the interest. It is good as between the parties without these requirements, and is good as against any one other than a possible purchaser for value and in good faith without notice.

It is good also as against the assignee in bankruptcy. The trustee in bankruptcy acquires only the interest the bankrupt has in the property possessed by the bankrupt, plus the right of the bankrupt's creditors to set aside his fraudulent conveyances or assignments. But no creditor could set aside the assignment here made for fraud on the facts shown, and for this reason the trustee in bankruptcy cannot set it aside.

Possibly, it is not necessary to inquire into the interest the grantors had in the property after the execution of the contract to the Richardsons, and the assignment to Stevens of the payments to become due on the contract, but there remained in them only the naked legal title to the property, in trust first for the assignee of the contract, and second for the vendees in the contract in case they perform it. Under no circumstances can it be assets passing to the trustee in bankruptcy. As was said by the supreme court of Wisconsin in *Foster v. Lowe,* 131 Wis. 54, 110 N. W. 829:

"The vendor in a land contract who assigns that contract or the right to the payments thereunder to another holds the legal title to the land in trust for the two parties under that contract, and such trust persists and accompanies the legal title wherever it may go, unless, indeed, into the hands of a *bona fide* holder for value. Of course, when payment is completed that trust is solely and exclusively for the purchaser, who thereby gains the complete equitable title to the land. *Church v. Smith*, 39 Wis. 492; *Bartz v. Paff*, 95 Wis. 95, 69 N. W. 297.

"The suggestion that because Krumrey, some time after having assigned the land contracts, made a quitclaim of the land to a third person, he had exercised the option to declare the contract void so that the contrary election to now declare it valid and binding cannot be exercised, we do not deem of force. Under our present legal policy of easy and complete assignment of rights of action, at least those on contract, the assignment of the debt itself necessarily carries with it all securities and all rights of the first owner serving to make it valuable, and the assignment of the debts in this instance transferred to the assignee the right to exercise the option conferred by the contract upon the vendor, and denuded the latter of any right or power to so exercise it as to interfere with his assignee's protections for the debt. It would be obviously unreasonable to hold that Krumrey might, for a valuable consideration, assign this debt to the plaintiff and still have the right to declare that the contract between him and the defendant should be void and no debt exist."

As we have noted, the grantors in the contract to Richardson conveyed the fee title of the property to Stevens subsequent to their adjudication as bankrupts, but prior to the commencement of the present action by the trustee in bankruptcy. This passed the only remnant of interest the grantors had in the property to the persons to whom it rightfully belonged, and the trial court did not err in quieting the title to the prop-

erty in them, and denying to the trustee in bankruptcy. any right of recovery.

The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, HOLCOMB, MAIN, BEALS, and MILLARD, JJ., concur.

