[No. 30266. Department One. September 23, 1947.]

H. E. LEROUX, *Respondent*, v. TILLIE KNOLL *et al.,*
*Appellants.*[1]

*John L. Fitzpatrick,* for appellants.

*Maslan & Maslan* and *Albert Hanan,* for respondent.

[1]Reported in 184 P. (2d) 564.

MILLARD, J.—May 20, 1946, Tillie Knoll, in the presence of her husband, executed an earnest money receipt which, so far as material, reads as follows:

"Received from H. E. Leroux hereinafter called purchaser Twenty-five Dollars ($25.00) as earnest money in part payment of the purchase price of the following described real estate in [King] County, Washington: Lot Seven (7) block two (2) Marco's Addition to the City of Seattle, according to plat recorded in Volume 8 of Plats, page 22, records of King County, Washington. Total purchase price is 3000.00 Three Thousand Dollars, payable as follows: Cash of all expenses.

"Tillie Knoll
"4827 - 13th Ave. So."

At the time of the making of the foregoing contract, H. E. Leroux delivered to Tillie Knoll his check for twenty-five dollars. The check, at the request of Tillie Knoll, was made in favor of her husband, who later endorsed and cashed same. The remainder (two thousand nine hundred seventy-five dollars) of the purchase price was placed in escrow on or about June 12, 1946, by H. E. Leroux, who notified Mrs. Knoll that the money was available and that he was ready to consummate the purchase as soon as the deed was delivered to the escrow holder. Tillie Knoll and her husband refused to execute a deed and, in an endeavor to rescind the contract, tendered to Mr. Leroux the twenty-five dollars earnest money, which he rejected.

Three days later, Leroux instituted this action against Tillie Knoll and husband for specific performance of the contract quoted above. In bar of the action, defendants pleaded that the property described in the earnest money receipt was not the separate property of Tillie Knoll but was the community property of Tillie Knoll and her husband; therefore, the contract was not binding upon the community as it was not signed by defendant husband.

The cause was tried to the court, which concluded that the testimony of plaintiff and wife was more credible than that of defendants. The court was convinced that a fair preponderance of the evidence established the fact that the subject matter in controversy is the separate property

of Tillie Knoll, and that it did not lose its separate character by reason of the maintenance and improvements which were contributed from time to time by defendant husband. The court expressed the further view, conceding *arguendo* that the real estate in question was community property, that Tillie Knoll was authorized by her husband to act as agent of the marital community. Decree of specific performance was entered requiring defendants to execute and deliver to plaintiff, in return for two thousand nine hundred seventy-five dollars (remainder of purchase price), a warranty deed covering the real property in question. Defendants appealed.

█ Counsel for appellants first contends that the earnest money receipt for twenty-five dollars, signed by appellant wife and not signed by her husband or by respondent, was not a binding contract definite and certain in its terms and containing the requisite of mutuality of obligation. That is, as respondent did not sign the earnest money agreement, the contract cannot be specifically enforced in equity for the reason that it is not mutual but unilateral.

By placing the balance of the purchase price for the property in escrow, available to the grantor as soon as she executed the required deed, respondent accepted the earnest money agreement as a valid, subsisting contract and became liable for the purchase price, payment of which could have been enforced in an action brought by Mrs. Knoll. Respondent immediately commenced an action for specific performance of the contract when Mrs. Knoll refused to execute the deed. An apt authority is *Western Timber Co. v. Kalama River Lbr. Co.*, 42 Wash. 620, 85 Pac. 338, 114 Am. St. 137, 6 L. R. A. (N.S.) 397, in which we held that a resolution by the board of directors of a corporation authorizing the sale of its lands was not void for want of mutuality, because not signed by the purchaser, where the purchaser's assent thereto is shown by promptly bringing an action, as respondent did in the case at bar, for the specific performance of the contract of sale. We said:

"It is contended by the respondent that, even though it be conceded that a contract had been entered into between

it and the appellant, and although it had signed a written memorandum thereof, still such contract cannot be specifically enforced in equity, for the reason that it is not mutual but unilateral, and that the respondent should not be held to a specific performance for the reason that the appellant, not having signed any written memorandum thereof, could not be held liable in an action for the purchase price. In answer to this suggestion, appellant contends that, by promptly filing a bill in equity and demanding specific performance, it placed itself in a position to have a decree rendered in favor of respondent, forcing it to pay the purchase price. As the adoption of the resolution of October 21, 1904, by respondent was a sufficient compliance with the requirements of the statute of frauds, we think the contention of the appellant that the contract can be specifically enforced must be sustained. The weight of authority seems to be that the statute of frauds is satisfied if the memorandum be signed by the party defendant in an action for specific performance. The party not signing is not bound unless, as is held by some authorities, he has accepted the same as a valid, subsisting contract. Want of mutuality arising from the failure of one party to sign cannot be successfully pleaded as a defense by the other party who did sign, as the act of filing a bill for a specific performance binds the former, makes him liable, and renders the contract mutual."

Appellants next contend that the trial court erred in holding that the property was the separate property of appellant wife.

The trial court correctly found, which fact the evidence summarized as follows establishes, that the real estate in question was the separate property of appellant wife; therefore the decree should be modified to require her, and not the marital community composed of appellants, to execute and deliver to respondent a warranty deed for the property in question:

The property in question was conveyed to Tillie Knoll (who married Peter Knoll in 1924) February 11, 1931, for a consideration of nineteen hundred dollars. The property was purchased with money paid to Tillie Knoll by the city of Seattle for real estate owned by her prior to her marriage to Peter Knoll and taken from her in condemna-

tion proceedings. Peter Knoll was joined with his wife in the condemnation proceeding; but January 12, 1931, he assigned all his right, title, and interest in the condemnation award to Tillie Knoll. January 13, 1931, she received from the city of Seattle a check in the amount of $1,868.80. February 11, 1931, she bought the property involved in this action in her own name for nineteen hundred dollars. From 1931 to 1941, appellants resided on this property. From 1941 until commencement of this action they rented it to tenants for thirty dollars a month. Peter Knoll testified that, while he and his wife resided on the property, he personally rebuilt the foundation of the house, which he roofed twice, painted it, and made other repairs, the aggregate value of which he estimated was thirteen hundred seventy-five dollars. There is evidence that repairs were not of the extent as testified by appellant husband.

■ The character of real property is not changed from separate to community property by addition of community improvements. *Legg v. Legg,* 34 Wash. 132, 75 Pac. 130. In the case cited, we held that a wife, as survivor of the community, was entitled to reimbursement from separate real property of her husband to the value of the improvements made on the property by the community. See *Rawleigh Co. v. McLeod,* 151 Wash. 221, 275 Pac. 700, 64 A. L. R. 238.

■ Appellants could not by oral agreement alone change the character of separate property of appellant wife to that of community property. *Rogers v. Joughin,* 152 Wash. 448, 277 Pac. 988. In any event, the trial court did not find, and there is not satisfactory evidence in the record before us, that appellants made such an agreement.

The appellant marital community resided on the property for ten years. In addition to the benefits incident to such residence, the community received a monthly rental of thirty dollars from the property for five years. If it be conceded that there has been no reimbursement to the community for the value of the community improvements, estimated by appellant husband to amount to thirteen hundred seventy-five dollars, the equitable lien of the marital com-

munity could be satisfied by appellants between themselves when they receive the remainder (two thousand nine hundred seventy-five dollars) of the purchase price for the property in controversy.

The decree should be modified to require appellant wife, not the marital community, to execute and deliver to respondent a warranty deed for the property in question. It is so ordered.

MALLERY, C. J., SIMPSON, SCHWELLENBACH, and HILL, JJ., concur.