Zimmerman, J.
It is now generally recognized that the vendor in a contract for the sale of real estate, after such contract is entered into, may assign and transfer his rights and interests therein to a third person, who may enforce the same. 55 American Jurisprudence, 827, Section 407; 66 Corpus Juris, 1065, Vendor and Purchaser, Section 835.
*88 In our opinion a real distinction exists between a mere vendor’s lien and a written contract for the sale of real estate duly executed by the vendor and vendee, which is an assignable chose in action.
The vendee in such a contract, before conveyance, has an equitable interest in the realty equal to the amount of the purchase money paid. When full payment is made, the vendee acquires a completed equity which may entitle him to a conveyance of the legal title. Possession by the vendee is notice to everybody of those rights. Coggshall v. Marine Bank Co., 63 Ohio St., 88, 57 N. E., 1086.
Although an executory contract for the sale of real estate places the equitable ownership of the property in the vendee to the extent of the payments made, the legal title remains in the vendor as security for the payment of the unpaid installments of the purchase price. Jewett v. Black, 60 Neb., 173, 82 N. W., 375.
It is stated in 40 Ohio Jurisprudence, 922, Section 14, that the Ohio statutes do not require or even provide for the recording of executory contracts for the sale of real estate or of the assignments of such contracts. An examination of the recording statutes verifies such statement. See Section 8543, General Code (Section 5301.25, Revised Code).
The lumber company places reliance on Section 8543-1, General Code (Section 5301.26, Revised Code), which recites:
“As between the vendor and vendee of land the vendor shall have a lien for so much of the purchase money as remains unpaid. But such lien shall not be effective as against a purchaser, mortgagee, judgment creditor, or other encumbrancer, unless there be a recital or a reservation of the lien in the deed, or in some instrument of record executed with the same formalities as are required for the execution of deeds and mortgages of land. * * •”
It is plain that such section comprehends a situation where the legal title to property is actually conveyed by the vendor to the vendee by deed or by some instrument entitled to record and executed with the same formalities required for the execution of deeds and mortgages of land. Patently, such section does not envera the instant case.
*89 Doubtless, the enactment of the quoted statute was induced by the decision of this court in Miller v. Albright, 60 Ohio St., 48, 53 N. E., 490, wherein it was held that a vendor, who has parted with his title to his real estate without reserving in the instrument of conveyance a specific lien for the amount due him, has an equitable lien on the property for such amount, which takes precedence over the lien of a judgment obtained against the vendee of the property.
A case of some interest in connection with the present one is Culmback, Trustee, v. Stevens, 158 Wash., 675, 291 P., 705. There the vendor in a contract for the sale of land assigned to a third person the future payments due him under the contract. Later the vendor became bankrupt and the trustee in bankruptcy attacked the validity of the assignment and claimed the benefits of the contract. In rejecting such claim, the court held in substance that the assignment was good. It required neither acknowledgement nor recording to pass the interest of the vendor. It was good as between the parties and was good as against anyone else, except possibly a purchaser for value and in good faith without notice. Neither the trustee in bankruptcy nor any creditor of the vendor could defeat the assignment, except for fraud.
Here, the Ohio Mortgage Company purchased from the vendor for a valuable consideration the executory contract for the sale of the land and the accompanying promissory note. Under the Ohio statutes no recording of the transaction was required or authorized. Subsequently, the Bartlett Lumber Company secured money judgments against the vendor which were converted into judgment liens. Although the principle, “first in time, first in right,” is ordinarily invoked with respect to the priority of liens, we think it may well be applied to the case at bar.
Notwithstanding that the decision in Miller v. Albright, supra, has been superseded by the statute quoted above, the reasoning in that case is persuasive here in favor of the Ohio Mortgage Company which parted with its money in the purchase of a chose in action, before the Bartlett Lumber Company reduced its claims to judgments.
*90 Another rule prevalent in Ohio and elsewhere is that the open and observable possession of real estate is notice to those who deal therewith of such facts respecting the rights and status of the possessor, as inquiry of him would disclose. 24 Ohio Jurisprudence, 747, Section 13. This is true as to judgment creditors of the one ostensibly holding legal title to the land. Doll v. Walter, Exrx., 305 Ill. App., 188, 27 N. E. (2d), 231, petition for leave to appeal denied by the Supreme Court of Illinois. In the instant case, the vendee in the contract for the sale of the realty was in open possession of the same as were all the subsequent assignees. Inquiry of any of them by the Bartlett Lumber Company would have revealed the existence of the contract for the sale of the land and its assignment to the Ohio Mortgage Company.
We are of the opinion that the Ohio Mortgage Company is entitled to prevail in this action, and that the judgment of the Court of Appeals in its favor should be affirmed.

Judgment affirmed.

Weygandi, C. J., Hart and Stewart, JJ., concur.
Matthias, Bell and Taet, JJ., dissent.