[No. 34709. *En Banc.* March 17, 1960.]

WILLIAM A. TOMBARI *et al., Appellants,* v. REUDEN. A. GRIEPP *et al., Respondents.*[1]

[1]Reported in 350 P. (2d) 452.

*Joseph P. Delay,* for appellants.

*T. G. Patterson,* for respondents.

FINLEY, J.—This is an appeal from a judgment on the pleadings in favor of the defendants in an action brought by the plaintiffs specifically to enforce a contract for the sale of realty.

The plaintiffs allege in their complaint that they are husband and wife, and are owners of the realty in question; that a written agreement had been entered into whereby the plaintiff husband agreed to sell and the defendants agreed to buy this realty; that, since the date of the agreement, the plaintiffs have been and are now willing and able to perform said agreement; and that the defendants have at all times refused to perform. The plaintiffs prayed for specific performance of the contract.

The defendants, answering the complaint, admit that they refused to perform the contract. They set up four affirmative defenses and allege: that neither the plaintiff nor the defendant wife had signed the purchase agreement; that the legal description in the agreement was not sufficient; that subsequent to the time the agreement to purchase was entered into, it was determined that the property in question was not suitable for the purposes originally intended by the defendants, and, as a consequence, plaintiffs and defendants orally agreed to substitute other property owned by plaintiffs; and lastly, that the plaintiffs have not performed the contract and are unable to do so. Plaintiffs' demurrer to these affirmative defenses was overruled.

Plaintiffs' reply to defendants' answer admits that plaintiff wife had not signed the purchase agreement; but it further alleges that plaintiff wife was and now is ready, willing and able to consent in writing to said sale. Plaintiffs deny the matter contained in the other three affirmative defenses.

Defendants thereafter filed a motion for judgment on the pleadings on the ground that plaintiffs' complaint and reply raise no material issue and on their face show no cause of action existing for specific performance. The trial judge dismissed plaintiffs' complaint and granted the defendants' motion for judgment on the pleadings. Plaintiffs have appealed.

The trial court based its decision on the fact that appellant wife did not sign the purchase agreement, and that, as a consequence, had the respondents brought this action for specific performance, appellants would have been able to avoid the contract. The trial court relied on *Wagner v. Peshastin Lbr. Co.* (1928), 149 Wash. 328, 270 Pac. 1032, wherein this court quoted from Pomeroy's Specific Performance of Contracts (3d ed.), § 165, as follows:

" '. . . if the right to the specific performance of a contract exists at all, it must be mutual; the remedy must be alike attainable by both parties to the agreement.' "

The trial court concluded that the contract must be such that at the time *it is entered into* it is enforcible by either of the parties against the other.

In holding that a plaintiff, who is ready, willing and able to perform, but who, prior to the commencement of suit, could not himself have been compelled to perform, may obtain specific performance of a contract for the sale of land, Judge Cardozo, writing for the majority in *Epstein v. Gluckin* (1922), 233 N. Y. 490, 135 N. E. 861, made the following interesting observation:

"If there ever was a rule that mutuality of remedy existing, not merely at the time of the decree, but at the time of the formation of the contract, is a condition of equitable relief, it has been so qualified by exceptions that, viewed as a precept of general validity, it has ceased to be a rule to-

day . . . [Citing cases.]. What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant . . . [Citing cases.]. Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end. The formula had its origin in an attempt to fit the equitable remedy to the needs of equal justice. We may not suffer it to petrify at the cost of its animating principle."

In the present case we cannot agree with the trial court's conclusion respecting the legal significance of the failure of the appellant wife to sign the contract in the first instance. In *Leroux v. Knoll* (1947), 28 Wn. (2d) 964, 184 P. (2d) 564, which, like the case at bar, was an action for specific performance of a real estate contract, the plaintiff-purchaser did not sign the earnest-money receipt. The court, in granting specific performance, cited *Western Tbr. Co. v. Kalama River Lbr. Co.*, 42 Wash. 620, 85 Pac. 338, as authority for its decision. In *Western Tbr. Co. v. Kalama River Lbr. Co.*, *supra*, the court quoted with approval from 2 Warvelle, Vendors, p. 748:

" 'Equity will not direct a performance of the terms of the agreement of one party when, at the time of such order, the other party is at liberty to reject the obligations of such agreement; yet, as in a case where an agreement which the statute of frauds requires to be in writing has been signed by one of the parties only, or when the contract, by its terms, gives to one party a right to the performance which he does not confer upon the other, upon the filing of a bill for enforcement in equity by the party who was before unbound, he thereby puts himself under the obligation of the contract. The contract then ceases to be unilateral; for by his own act the unbound party makes the contract mutual, and the other party is enabled to enforce it.' "

So, in the instant case, when the appellant wife joined in the action, the contract became mutually binding upon the parties.

Contracts which convey or encumber community realty and which the wife does not sign are not void. They are merely voidable, and it is the wife who has the power of avoidance. She may, as she wishes, either accept or reject

the voidable action of her husband. *Stabbert v. Atlas Imperial Diesel Engine Co.* (1951), 39 Wn. (2d) 789, 238 P. (2d) 1212. In the case at bar the wife, by joining with her husband in bringing this action for specific performance, has chosen to accept and ratify the voidable action of her husband.

Respondent, however, urges that, even if the absence of appellant wife's signature from the contract is of no significance, in view of her present willingness to perform as evidenced by the fact that she has joined her husband in bringing this action, the contract is still not specifically enforcible for the reason that the appellants have an adequate legal remedy. However, according to the overwhelming weight of authority, a vendor, as well as a vendee, may obtain specific performance of a contract for the sale of land. See *First Nat. Bank v. Laperle* (1952), 117 Vt. 144, 86 A. (2d) 635, 30 A. L. R. (2d) 958, in which it was said:

"The defendant maintains that a decree for specific performance of a contract for the sale of land cannot be granted the vendor as it has a plain, adequate and complete remedy at law by a judgment for the agreed purchase price of the property, or, as in the present case, for the balance thereof. This claim presents the most important question for decision for we have no case wherein this point has been raised and determined. A thorough search of the authorities convinces us that it is held or considered with scarcely any dissent that specific performance of such a contract is granted in favor of the vendor as freely as in favor of the vendee though the relief actually obtained is only the recovery of money. Pomeroy Eq. Jur. 4th ed. § 2169; 49 Am. Jur. 110; 58 CJ 1029, 1030; Restatement, Contracts, § 360; Id. page 682, illustration 8; Anno. 65 ALR at page 40 et seq. For illustrative cases see *Maryland Clay Co. v. Simpers*, 96 Md 1, 53 A 424; *Kahn v. Orenstein*, 12 Del Ch 344, 114 A 165; *Woodruff v. Germansky*, 233 NY 365, 135 NE 601; *Old Colony R. R. v. Evans*, 6 Gray 25; *Jones v. Newhall*, 115 Mass 24; *Staples v. Mullen*, 196 Mass 132, 81 NE 877; *Clark v. Cagle*, 114 Ga 703, 82 SE 21, LRA 1915A, 317; *Morgan v. Eaton*, 59 Fla 562, 52 So 305; *Freeman v. Paulson*, 107 Minn 64, 119 NW 651; *Cathcart v. Robinson*, 5 Pet 264, 8 L ed 120; *Hodges v. Kowing*, 58 Conn 12, 18 A 979, 981. In the case

last cited it is said, 'The cases on this question are all one way.'"

II Restatement of the Law, Contracts, 643, § 360 c., explains the rule as follows:

"c. Before conveyance has been made by the vendor his remedy in damages is not an adequate one. He can not get judgment for the full price, because he still has the land. His damages are usually measured by the contract price less the value of the land retained; but the land is a commodity that has no established market value, and the vendor may not be able to prove what his real harm will be. Even if he can make this proof, the land may not be immediately convertible into money, and he is deprived of the power to make new investments. Prior to getting a judgment, the existence of the contract, even though broken by the vendee, operates as a clog on salability, so that it may not be possible to find a purchaser at any fair price. In addition, the fact that specific performance is available to the vendee is of some weight, because of the rule as to mutuality of remedy (see § 372(2))."

We have previously held that the vendor of land may maintain an action to compel payment of the contract price upon default by the vendee; or, he may instead sue for damages and keep the land. *Stevens v. Irwin* (1925), 132 Wash. 289, 231 Pac. 783. We have further indicated that, if the vendor chooses the first of these two courses, whether denominating his action as one for specific performance or as a suit for a personal judgment, performance by the vendee may be enforced by the collection of money from any of the vendee's property, or may be enforced by order of sale as upon execution. *Stevens v. Irwin, supra; Anderson v. Wallace Lbr. & Mfg. Co.* (1902), 30 Wash. 147, 70 Pac. 247. Thus, in effect, we have adopted the rule followed in the majority of the state jurisdictions and endorsed by the Restatement of Contracts allowing a *vendor* to specifically enforce or to compel payment of the contract price. At the same time, we have implicitly recognized that, under the unification of law and equity in our state, performance by the vendee may be enforced as a personal judgment. We are convinced that this method of handling the problem is proper and,

therefore, conclude that respondent's argument concerning adequacy of the appellants' legal remedy is without merit.

Respondents' second affirmative defense concerning the sufficiency of the legal description is also without merit. The type of description used in this agreement was held to be legally sufficient in *Schmidt v. Powell* (1919), 107 Wash. 53, 180 Pac. 892.

The third and fourth affirmative defenses raise issues which must be determined on the trial of this action. Appellants urge that evidence of the oral agreement, which is alleged in the third affirmative defense, will not be admissible because of the parol evidence rule. In essence, the respondents, by this defense, have alleged that this contract was mutually rescinded by an oral agreement. In *Lamar v. Anderson* (1912), 71 Wash. 314, 128 Pac. 672, the court said,

" . . . there can be no question but that the parties to a written contract may by mutual oral agreement abandon it."

For the reasons indicated above, appellants' demurrer to respondents' first and second affirmative defenses should have been sustained. The judgment granting respondents' motion for judgment on the pleadings should be reversed and vacated. It is so ordered.

WEAVER, C. J., ROSELLINI, FOSTER, and HUNTER, JJ., concur.

OTT, J. (dissenting)—I dissent for the following reasons:

(1) It is conceded that the contract involved in this proceeding was for the sale of real property owned by appellant husband and wife as community property, and *that the wife did not sign the contract*. A contract to sell real estate is an encumbrance upon the land. *Culmback v. Stevens*, 158 Wash. 675, 291 Pac. 705 (1930). See, also, *Griffith v. Whittier*, 37 Wn. (2d) 351, 223 P. (2d) 1062 (1950); *Peterson v. Paulson*, 24 Wn. (2d) 166, 163 P. (2d) 830 (1945). By statute, the wife is an indispensable party to the sale, conveyance or encumbrance of community real estate. RCW

26.16.040. Since it is conceded that an indispensable party did not sign the instrument, it is unenforcible and void as a contract of sale.

(2) The majority hold that the contract was voidable at the option of the wife, but that, by joining as a party plaintiff in this action, she thereby ratified the contract. Conceding, *arguendo*, that the wife did ratify by joining in this action, thus giving the instrument efficacy as a contract, it is my opinion that the ratification was not timely.

Prior to ratification by the wife, the purported contract was no more than an offer to buy on the part of the respondents, which created in the appellant wife the power to accept or reject it. An offer can be withdrawn at any time before acceptance. The pleadings disclose that respondents' offer to purchase was withdrawn prior to the commencement of this action. Since the appellant wife's acceptance of the offer (ratification) was admittedly accomplished after the offer to purchase was withdrawn, the acceptance (ratification) was not timely.

*Stabbert v. Atlas Imperial Diesel Engine Co.*, 39 Wn. (2d) 789, 238 P. (2d) 1212 (1951), relied upon by the majority, is not in point. In the cited case, the wife had given her husband a power of attorney to act for her "in transactions concerning community real estate." Vested with such authority, the contract signed by the husband only was enforcible from its inception. RCW 26.16.090.

(3) The appellants seek specific performance of the contract. This is a request that the court exercise its equity, rather than its law, jurisdiction. It is the law of this state that a court will invoke its equity jurisdiction only when there is no plain, adequate or speedy remedy at law. *Roon v. King County*, 24 Wn. (2d) 519, 166 P. (2d) 165 (1946). There are no allegations relative to the inadequacy of the legal remedy in this complaint. It alleges the existence of the contract, the refusal to perform, and

"That the plaintiffs were and have always been and now are ready and willing to perform the said agreement on their part, that the purchase price agreed to be paid for the said real estate by said defendants is a fair and reasonable value

thereof, and plaintiff desires that said contract be *specifically performed.*" (Italics mine.)

These allegations, in my opinion, fall far short of affirmatively establishing that the legal remedy of damages is inadequate.

The majority assume that land is ordinarily not readily salable and its market value is difficult of ascertainment; hence, legal damages are inadequate. Such essential facts must be pleaded. They cannot be supplied by the court.

"Since the remedy at law for breach of contract is generally by way of compensatory damages, ordinarily a complainant coming into equity for specific performance must show that a recovery of damages for breach of the contract would not constitute an adequate remedy." 49 Am. Jur. 21, § 12.

Since facts showing the inadequacy of damages are not pleaded, the majority take judicial notice that such are the facts. I am unwilling to take judicial notice that land is not readily salable or that its market value is difficult to ascertain with a reasonable degree of certainty.

Our courts of law do not throw up their hands in despair when faced with the problem of determining the market value of land in condemnation and other proceedings. Why should we find it such an insurmountable task to determine the value of land in an action of this type? If the vendor receives the difference between the market value of the land and the contract price, he has received the benefit of his bargain. What more is he entitled to? I suggest that we reserve equity powers for situations where it is clearly shown by the pleadings that there is no plain, speedy, and adequate remedy at law.

(4) Finally, whether a court will order specific performance of a contract or leave one to his remedy at law *rests within the sound discretion of the trial court. Cascade Tbr. Co. v. Northern Pac. R. Co.,* 28 Wn. (2d) 684, 184 P. (2d) 90 (1947), and cases and authorities cited.

The majority do not hold that the trial court abused its discretion. They hold that the appellants can compel the

trial court to exercise its extraordinary equity jurisdiction and order the contract specifically performed on the part of the respondents, as a matter of *right*. If it is the desire of the majority to change the law, the cited cases should be specifically overruled. The bench and bar will then know that it is the litigants, and not the courts, who determine whether a case will be tried as one involving the court's equity jurisdiction or its law jurisdiction. I prefer to leave the exercise of discretion in this regard where it has always been—in the trial court.

The trial court, in my opinion, did not abuse its discretion in denying to the appellants the extraordinary equitable remedy sought.

For the reasons stated, the judgment should be affirmed.

MALLERY, J., concurs with OTT, J.

HILL and DONWORTH, JJ. (dissenting)—We concur in the result of the dissent for the third reason given; *i.e.,* no showing that the remedy at law is not adequate.