# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

E. DUANE GOLPHENEE, a married
individual and JOHN SOLIN, a married
individual,

     Appellants,

WILLIAM and SUSAN GOODMAN, husband
and wife; MICHAEL and JOAN LEDRESSAY,
husband and wife, MICHAEL SZEMILLER, an
individual and HUNTER and ANGELA
NEWTON, husband and wife:

   Plaintiffs pursuant to RCW 7.24.110
   v.

PONDILLA ESTATES COMMUNITY
ASSOCIATION, a Washington nonprofit
corporation,

     Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 75001-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: <u>April 3, 2017</u>

SPEARMAN, J. — Certain homeowners in the Pondilla Estates

Homeowners Association (Association) were serviced by a private road (Private

Road Owners). In 1991, the Private Road Owners entered into an agreement

with the Association to resolve a dispute over maintenance of the private road.

Under the agreement, the Association members who were not serviced by the

private road agreed to pay half the cost for a bulkhead and the Private Road

Owners assumed responsibility for future maintenance of the road. In May 2015,

two Private Road Owners brought an action under the Declaratory Judgement Act to challenge the enforceability of this agreement. The trial court applied a six year statute of limitations and dismissed the suit as untimely. On appeal, the Private Road Owners challenge the trial court's determination that a six year statute of limitations applied. Finding no error, we affirm.

## FACTS

Pondilla Estates is a residential waterfront community on Whidbey Island. Of its 31 lots, seven are waterfront lots that may be accessed only by a private road.



In 1989, the Private Road Owners became concerned the private road would collapse due to erosion on the beach. They feared they would lose access to

their properties unless a bulkhead was built to prevent further erosion. The Private Road Owners approached Pondilla Estates Community Association (Association) with their concerns. The Association owns and operates a water system for the community. It also owns and maintains the community beach, which may be used by Association members, and is accessible only by the private road. The Association includes all parcel owners in the Pondilla Estates plat as well as several adjacent parcel owners who are not in the plat.

The Private Road Owners wanted the Association as a whole to pay for the bulkhead. The rest of the Association owners wanted the Private Road Owners to pay for the bulkhead. The Association sought legal opinions and received the advice that the Association was "'most likely'" responsible for maintenance, but that it would be "difficult to predict what the outcome would be in Court." Clerk's Papers (CP) at 217. In order to resolve the dispute, the Association entered into an agreement with the Private Road Owners in 1991. The Association agreed to pay half of the costs and expenses to build the bulkhead and the Private Road Owners agreed to maintain and repair the private road in the future. In addition, the Private Road Owners granted Association members an easement over the private road in order to access the community beach. The agreement specified that it was binding on the parties, heirs, successors and assigns, and as such was considered as running with the land. The Association paid $15,500 for half of costs.

The agreement was recorded with the Island County Auditor on September 18, 1991. It was re-recorded on March 23, 1992 to include two legal

descriptions of parcels that were named in the agreement, but inadvertently omitted in the attachment containing the legal descriptions.

The appellants, E. Duane Golphenee and John Solin (Solin), are Private Road Owners. On May 2015, they filed this suit seeking a declaration that the agreement is void or unenforceable. The Association moved to dismiss, arguing that the suit was untimely and that plaintiffs failed to join necessary parties. The Association submitted a number of exhibits and affidavits in support of its motion. The trial court granted the motion to dismiss, finding that the action was barred by a six year statute of limitations.

## DISCUSSION

We review the trial court's summary judgment decision de novo.[1] Michael v. Mosquera-Lacy, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). Summary judgment is appropriate only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. CR 56(c).

### Consideration

Solin first contends that the agreement fails for lack of consideration. He argues that the Association had a preexisting legal duty to maintain the private road. As a result, according to Solin, the money the Association paid toward the bulkhead in 1991 was not new consideration and thus, cannot support the agreement. The Association argues that there is consideration because the Private Road Owners received immediate funding for the bulkhead in exchange

---

[1] The parties agree that because the court considered evidence outside of the complaint, the panel should treat the motion to dismiss as one for summary judgment.

for the promise that the Association as a whole would have no future financial responsibility for maintaining the private road. The Association is correct.

A contract must be supported by consideration. Consideration is "'any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange.'" Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 833, 100 P.3d 791 (2004) (quoting King v. Riveland, 125 Wn.2d 500, 505, 886 P.2d 160 (1994)). Consideration is a bargained-for exchange of promises. Id. at 833 (citing Williams v. Fruit Co. v. Hanover Ins. Co., 3 Wn. App. 276, 281, 474 P.2d 577 (1970)). A performance of or a promise to perform a preexisting duty does not constitute consideration. Multicare Med. Ctr. v. State, Dep't of Soc. & Health Servs., 114 Wn.2d 572, 584-585, 790 P.2d 124 (1990) superseded by statute on other grounds by Neah Bay Chamber of Commerce v. Dep't of Fisheries, 119 Wn.2d 464, 832 P.2d 1310 (1992). But "'[t]he promise of one party to forgo his rights under the contract is sufficient consideration for the promise of the other party to forgo his rights.'" Rosellini v. Banchero, 83 Wn.2d 268, 273, 517 P.2d 955 (1974) (quoting 15 W. Jaeger, Williston on Contracts § 1826 at 487 (3d ed. 1972)). "Forbearance to prosecute a valid claim or assert a legal right constitutes sufficient consideration for a contract. . . . It is not essential ... that the claim be indisputable or legally certain; where the validity of the claim is doubtful, the existence of a possibility of recovery is sufficient." Johnson v. S.L. Savidge, Inc., 43 Wn.2d 273, 276, 260 P.2d 1088 (1953).

The Association and Private Road Owners had a bona fide dispute over legal responsibility for the private road. Each could have asserted a legal right

5

against the other. The Private Drive Owners could have sued the Association members for pro rata contribution toward the road, and the Association could have asserted that it had no obligation to pay for the bulkhead. Instead, they each agreed to forbear prosecution of their legal claims. This constitutes sufficient consideration for the 1991 agreement.

Statute of Frauds

Next, Solin argues that the agreement is void because it does not comply with the statute of frauds due to a number of alleged defects.

The purpose of the statute of frauds is to prevent fraud arising from inherently uncertain oral agreements. Howell v. Inland Empire Paper Co., 28 Wn. App. 494, 498, 624 P.2d 739 (1981). It requires that "[e]very conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed. . . ." RCW 64.04.010. Deeds must "be in writing, signed by the party bound thereby, and acknowledged. . . ." RCW 64.04.020. A deed granting an easement must have a description of the land such that an easement can be located on the servient estate. Maier v. Giske, 154 Wn. App. 6, 16, 223 P.3d 1265 (2010) (citing Sunnyside Valley Irr. Dist. v. Dickie, 149 Wn.2d 873, 73 P.3d 369 (2003)). This requires that servient estate have an adequate legal description. Berg v. Ting, 125 Wn.2d 544, 569, 886 P.2d 564 (1995).

Solin first argues that the agreement is void under the statute of frauds because the originally recorded agreement lacked legal descriptions of two dominant estate parcels. The agreement was re-recorded to include those legal

6

descriptions. A trial court may reform a deed to reflect the parties' intent where a scrivener's error leads to a deficient legal description of land. Glepco, LLC v. Reinstra, 175 Wn. App. 545, 554, 307 P.3d 744 (2013) (citing Halbert v. Forney, 88 Wn. App. 669, 673, 945 P.2d 1137 (1997)). Here, the trial court referred to the omission as a "scrivener's error," and analyzed the re-recorded agreement for compliance with the statute of frauds. CP at 6, 10. This was an appropriate exercise of the trial court's authority to reform the agreement as it is expressed in the re-recorded agreement. Tenco, Inc. v. Manning, 59 Wn.2d 479, 484, 368 P.2d 372 (1962). We find that the agreement, as reformed by the trial court, complies with the statute of frauds.

Solin next contends the agreement violates the statute of frauds because it does not legally describe all Association parcels. This argument fails because, as discussed above, the legal description in a deed granting an easement is sufficient if it permits location of the easement on the servient estate. See Maier, 154 Wn. App. at 16. Here, the legal descriptions for all Association parcels are not required because they are not necessary to locate the easement.

Solin argues that the Private Road Owners' spouses must sign the agreement. He does not explain or cite to which spouse did not sign the agreement. If such a signature is missing, its omission does not render the agreement void because a unilateral encumbrance by one spouse is merely voidable, and only at the election of the nonjoining spouse or partner. See Sander v. Wells, 71 Wn.2d 25, 28, 426 P.2d 481 (1967) (citing Tombari v. Griepp, 55 Wn.2d 771, 350 P.2d 452 (1960)).

7

Solin argues that the agreement does not comply with the statute of frauds because it does not describe the bulkhead. The argument is without merit. Because the bulkhead was not conveyed, no legal description of it is necessary.

Solin argues that the terms of the agreement are not sufficiently definite because they lack material terms related to maintenance of the bulkhead as between the Private Drive Owners. An agreement under the statute of frauds "must embody all of the essential and material parts of the contemplated lease with sufficient clarity and certainty to show that the minds of the parties have met on all material terms and with no material matter left for future agreement or negotiation." Friedl v. Benson, 25 Wn. App. 381, 387, 609 P.2d 449 (1980) (citing 72 Am.Jur.2d Statute of Frauds § 285, at 805 (1974). But the agreement here is between the Private Drive Owners and the Association. It settles the dispute over financial responsibility for the private road and includes sufficiently definite terms to bind the Private Drive Owners and the Association. The existence or nonexistence of any terms between the Private Driver Owners regarding maintenance of the bulkhead is irrelevant.

Solin also contends that the agreement must be signed by all Association members in the Pondilla Plat. The agreement only bears the signatures of the Private Road Owners and the President and Secretary of the Association. He argues that each Pondilla Plat owner also owns part of the servient estate because, according to the trial court, they are part owners of the private road.

8

Thus, according to Solin, each Pondilla Plat owner must sign the agreement to grant an easement to the non-Pondilla Plat Association members.[2]

Solin is correct that the statute of frauds requires bound parties to sign the agreement. But even if the agreement lacks signatures of all Pondilla Plat owners, we decline to invalidate it because there has been part performance of the agreement.

Under the doctrine of part performance, an agreement to convey an interest in real estate that does not comply with the statute of frauds may be proved and specifically enforced if there is sufficient part performance of the agreement. Berg, 125 Wn.2d at 556 (citing Miller v. McCamish, 78 Wn.2d 821, 826, 479 P.2d 919 (1971)). The part performance doctrine empowers Washington Courts to enforce an agreement to convey an interest in real property that does not satisfy the statute of frauds if equity and justice so require. Id. at 571 (citing Miller, 78 Wn.2d at 826). We examine three factors to determine if there has been part performance of the agreement so as to take it out of the statute of frauds: (1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable to the contract. Id. at 556.

---

[2] In 1991, the understanding of the Association and the private road owners was that the private road was owned by the private road owners or the developers. So at the time of execution, it complied with the statute of frauds requirement that servient estate owners sign the agreement because the private road owners signed it. It was not until the current litigation that Solin argued, and the trial court found, that the private road was partly owned by the Association. This gave rise to Solin's argument that the agreement lacked the signatures of all Pondilla Plat owners and was therefore invalid under the statute of frauds.

Here, the first factor has diminished probative value because possession of an easement will never be exclusive. With respect to the second factor, the Association did make its payment toward construction of a bulkhead. The third factor is also satisfied because a bulkhead was built in reference to the agreement.[3] We conclude that under the doctrine of part performance, the agreement is enforceable even though it is not in strict compliance with the statute of frauds. Accordingly, we hold that the Association members are not obligated to contribute financially to the maintenance of the private road.

Statute of Limitations

Solin argues that the agreement is a continuous contract because it runs with the land and requires ongoing maintenance by the Private Road Owners. He contends that the trial court erred by applying the six year statute of limitations because performance under the agreement is not complete.

Solin does not cite cases to support that a covenant running with the land indefinitely tolls the statute of limitations. The agreement required the Association to contribute half of the costs and expenses for the bulkhead. The Association made its contribution and performance of the contract was complete. The agreement shifted the burden for maintenance onto the Private Drive Owners, but the manner and means by which they accomplished this is irrelevant to the obligations between the parties. The claim that the contract at issue is a

---

[3] The Association "shall contribute one-half of the costs and expenses incurred with respect to the construction of a log pile bulkhead to deter and prevent erosion and damage to the Private Road...." CP at 143.

continuous one and thereby not subject to a statute of limitations is without merit. The trial court did not err when it found that this action was barred.

Admission of Evidence

Solin argues that the trial court erred by admitting two legal opinions on who owns the private road. He contends that the lawyer's advice in the "position paper" is hearsay. He also contends that an affidavit describing the developers' intent for the private road is irrelevant and hearsay. A trial court's decision to admit evidence is reviewed for abuse of discretion. State v. Young, 160 Wn.2d 799, 805-06, 161 P.3d 967 (2007). Hearsay is a statement offered in evidence to prove the truth of the matter asserted. ER 801(c). But here, the statements were not offered to prove legal responsibility for the road. They were offered to show the ambiguity faced by the Association and private drive owners. As such, neither falls within the ambit of the hearsay rule. The trial court did not err by admitting the legal opinions.

Attorney Fees

The Association requests an award of attorney fees for a frivolous appeal under RAP 18.9(a). An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997) (citing Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987)). Solin's appeal presents debatable arguments so we decline to award attorney fees for a frivolous appeal.

Affirmed.

WE CONCUR:

_Specimen, J._

_Leach, J._